In the Matter of the Application of One of the Two Trustees of the PEEKAMOSE FISHING CLUB, a Corporation, etc., for Its Dissolution.

JOHN Q. A. WARD, Petitioner, Respondent; EDWARD N. WHITON and ANTHONY W. DIMOCK, Appellants.

1. CORPORATIONS — SPECIAL PROCEEDING FOR VOLUNTARY DISSOLUTION — CODE CIV. PRO. § 2420.  If the petitioner, in a proceeding under section 2420 of the Code of Civil Procedure for the voluntary dissolution of a corporation having an even number of trustees equally divided respecting its management, neglects or refuses, after a referee has been appointed, to apply for a final order, as contemplated by section 2428, it is competent for the court, on special application of any person interested, to direct the petitioner to move, so that the interests of all may be protected.

2. PROCUREMENT OF FINAL ORDER.  If all the parties to such a proceeding appear before the court for the purpose of procuring a final order, the court is authorized to dispose of the matter, although no formal notice has been given by the petitioner.

3. JURISDICTION TO MAKE FINAL ORDER ON DEFAULT.  When the petitioner, in a proceeding for the dissolution of a corporation under section 2420 of the Code of Civil Procedure, has filed a referee's report but does not apply for a final order, and all the parties appear before the court on an order obtained by one of them requiring the petitioner and the other parties to show cause why a final hearing should not be had and the proceeding dismissed and a dissolution denied, the court acquires jurisdiction (on notice to the attorney-general) to make a final order dissolving the corporation, on the default, on an adjourned day, of the party who moved for a denial of dissolution, where the circumstances show that the motion was in effect and in the contemplation of the parties an application for a final hearing of the proceeding upon the merits.

4. ORDER ON DEFAULT — APPEAL.  A party cannot appeal from an order obtained on his default.

5. NOTICE TO ATTORNEY-GENERAL.  It seems, that the requirements of the statute (L. 1883, ch. 378, § 8), in reference to service of notice upon the attorney-general in proceedings for the dissolution of a corporation, may be satisfied by the acceptance of short notice.

*Matter of Peekamose Fishing Club*, 5 App. Div. 283, 284; 8 App. Div. 617, appeals dismissed.

(Argued December 14, 1896; decided January 26, 1897.)

APPEALS from orders of the Appellate Division of the Supreme Court in the first judicial department, entered May 25 and July 31, 1896.

This proceeding was brought under section 2420 of the Code of Civil Procedure, for the voluntary dissolution of a corporation organized and existing under chapter 267, Laws of 1875.

The proceeding was commenced by a petition of John Q. A. Ward, alleging that there were only two existing trustees and members of the Peekamose Fishing Club, of whom he was one, the other being Anthony R. Dimock, and that they were divided respecting the management of its affairs. The petition was answered by Dimock, who alleged that, instead of there being but two members and trustees of the club, there were seven members and five trustees existing at the time the proceeding was commenced. Edward N. Whiton and Louis E. Howard, who claimed to be members of the club, were afterwards made parties, and Whiton answered the petition.

The further proceedings had, the nature of the orders appealed from, and the facts, so far as material, are stated in the opinion.

*Benjamin F. Tracy* and *B. C. Chetwood* for Dimock, appellant. The order made on the 25th day of October, 1895, dissolving the corporation and appointing a receiver of its property, was erroneous, and should have been reversed. (Code Civ. Pro. §§ 2419, 2420.) The Appellate Division erred in dismissing the appellant Dimock's appeal from said order. (*C. Bank* v. *Buckingham*, 12 Ohio St. 402; *H. F. Ins. Co.* v. *Tomlinson*, 58 N. Y. 215; *Clark* v. *Clark*, 11 Abb. [N. C.] 333; *Thompson* v. *E. R. Co.*, 9 Abb. [N. S.] 233; *B. Nat. Bank* v. *Armour*, 16 Civ. Pro. Rep. 147; *Northrop* v. *Van Dusen*, 5 How. Pr. 134; *Rogers* v. *Toole*, 11 Paige, 212, 215; *Jones* v. *Cook*, 11 Hun, 230; *M. & T. S. Inst.* v. *Roberts*, 1 Abb. Pr. 381; *Wells* v. *Smith*, 7 Abb. Pr. 261; *Kay* v. *Whittaker*, 44 N. Y. 567; *Garcie* v. *Sheldon*, 3 Barb. 232.) To obtain a final decree dissolving the corporation and appointing a receiver of its property, it was necessary that the petitioner Ward should serve notice of a motion for a final hearing upon all the parties who had appeared, and also upon

the attorney-general. A decree obtained without such notice to the attorney-general is absolutely void. (L. 1883, ch. 378, § 8; *Whitney* v. *N. Y. & A. R. R. Co.*, 32 Hun, 164; *People* v. *S. I. G. & W. Co.*, 52 Hun, 174; *Davidsburgh* v. *K. I. Ins. Co.*, 90 N. Y. 526; *In re B. G. E. Co.*, 143 N. Y. 261; *In re Valentine*, 72 N. Y. 184; *In re P. M. Co.*, 29 Hun, 429; *Chamberlain* v. *R. S. P. V. Co.*, 7 Hun, 557; *In re Mart*, 22 Abb. [N. C.] 227; *Simmons* v. *Craig*, 137 N. Y. 550.) In an application to dissolve a corporation under section 2420 of the Code of Civil Procedure, where the hearing is before a referee, no final order can be made, except "upon notice to each person who has made himself a party to the proceeding." (Code Civ. Pro. §§ 2426, 2428; *Ostrander* v. *Hart*, 130 N. Y. 406; *Roy* v. *Thompson*, 8 How. Pr. 253; *In re E. M. B. S. & F. Co.*, 34 Hun, 369.) An appeal will lie to this court from the order of the Appellate Division dismissing the appellant Dimock's appeal from the order dissolving the corporation. (Const. of N. Y. art. 6, § 9; Code Civ. Pro. § 190; *Halliburton* v. *Clapp*, 149 N. Y. 183; *Ladd* v. *Stevenson*, 112 N. Y. 325.) The appellants have not been guilty of *laches* in prosecuting their rights at any stage of this proceeding. (*Massey* v. *Heiskell*, 80 Va. 789; *Cole* v. *Ballard*, 78 Va. 139; *Wisslet* v. *Craig*, 80 Va. 22; *Ex parte Adamson*, L. R. [8 Ch. Div.] 17; *Arnold* v. *N. & N. B. H. Co.*, 47 N. Y. S. R. 362; *Gideon* v. *Dwyer*, 17 Misc. Rep. 233.)

*J. Alexander Koones* for Whiton, appellant. The Appellate Division should have reversed the order of the Special Term denying the motion to open the default of this appellant taken on October 23, 1895. (*Seaman* v. *Whitehead*, 78 N. Y. 306; *Blossom* v. *Estes*, 84 N. Y. 615; *S. C. Bank* v. *Alberger*, 78 N. Y. 252; *White* v. *Coulter*, 59 N. Y. 629; *In re City of Buffalo*, 78 N. Y. 366; *Thompson* v. *E. R. Co.*, 9 Abb. Pr. [N. S.] 233; *Security Bank* v. *Bank of Commonwealth*, 2 Hun, 287; *Benedict* v. *Arnoux*, 85 Hun, 283.) The Appel-

late Division erred in dismissing the appeal from the orders by which the corporation in question was dissolved. (*H. F. Ins. Co.* v. *Tomlinson*, 58 N. Y. 215; *Jemison* v. *C. S. Bank*, 85 N. Y. 546; *Depew* v. *Dewey*, 56 N. Y. 657; *Blossom* v. *Estes*, 84 N. Y. 614; *Wright* v. *Brown*, 67 N. Y. 4.) A hearing having been had before a referee in this special proceeding, Whiton, being opposed to the dissolution of the corporation involved, had no right under the Code to apply for a final order, and his only remedy was to apply for an order to dismiss the proceeding for the lack of diligence on the part of the petitioner to proceed. (*In re E. M. B. S. & F. Co.*, 34 Hun, 369; *Chamberlain* v. *R. S. P. V. Co.*, 7 Hun, 557; *In re Mart*, 22 Abb. [N. C.] 227; Code Civ. Pro. §§ 822, 2419, 2420, 2426, 2428, 3347.) As the dissolution of the corporation in question could be decreed only upon an application for a final order and as no notice of such an application had been given, the order dissolving the corporation, made upon the default of Whiton in his application for a dismissal for the want of prosecution, was unauthorized and should be vacated. (*Thompson* v. *E. R. Co.*, 9 Abb. [N. S.] 233; *Garcie* v. *Sheldon*, 3 Barb. 234; *Dart* v. *Solomon*, 5 N. Y. S. R. 911; *Francis* v. *Porter*, 88 Hun, 325.) The order dissolving the corporation is void because no notice of any application for such relief had been previously served by the petitioner upon the persons who made themselves parties to the proceeding by filing a notice of appearance. (L. 1883, ch. 378, § 8; *Davidsburgh* v. *K. L. Ins. Co.*, 90 N. Y. 526; *Seaman* v. *Whitehead*, 78 N. Y. 306.) The order is void upon the ground that it involves an adjudication upon a title to an office. (Code Civ. Pro. §§ 1948, 2420; *Kamp* v. *Kamp*, 59 N. Y. 212; *Fiester* v. *Shepard*, 92 N. Y. 253.) The findings of the referee did not warrant the order of dissolution. (*In re I. & T. Exchange*, 2 N. Y. Supp. 257.)

*David McClure* for respondent. The Court of Appeals has no jurisdiction to review any of the orders appealed from, and the appeals should be dismissed. (*Croveno* v. *A. A. R.*

*R. Co.*, 150 N. Y. 228 ; *Bigelow* v. *Davol*, 150 N. Y. 333 ; *Bryant* v. *Thompson*, 128 N. Y. 434 ; Code Civ. Pro. §§ 190, 191 ; *People* v. *A. L. & T. Co.*, 150 N. Y. 124 ; *Hoes* v. *E. G. E. Co.*, 150 N. Y. 88 ; *Lawrence* v. *Farley*, 73 N. Y. 187 ; *Stevens* v. *Glover*, 83 N. Y. 611 ; *Ferris* v. *Ferris*, 56 N. Y. 614 ; *In re Bohnet* v. *Mayor, etc.*, 150 N. Y. 279 ; *Stark* v. *Dinehart*, 40 N. Y. 342 ; *Keck* v. *Werder*, 86 N. Y. 269 ; *Arthur* v. *Griswold*, 60 N. Y. 146 ; *Van Slyke* v. *Hyatt*, 46 N. Y. 259 ; *Mayor, etc.*, v. *Smith*, 138 N. Y. 676.) Appellants waived their right to move to vacate orders on the ground of irregularity. (1 Rumsey's Pr. 654 ; *Kerr* v. *Dildine*, 15 N. Y. S. R. 616 ; *Mayor, etc.*, v. *Lyons*, 24 How. Pr. 280 ; *Guckenheimer* v. *Angevine*, 16 Hun, 453 ; *P. Co.* v. *Sargent*, 43 Hun, 154.) The order to show cause of August 30, 1895, was an application for a final order, and brought the merits of the controversy before the court, and the order dissolving the corporation was properly made. (2 Rumsey's Pr. 228, 229 ; Code Civ. Pro. §§ 2428, 2429 ; *Haven* v. *Meteer*, 23 N. Y. Supp. 192 ; *Brady* v. *Martin*, 11 N. Y. Supp. 424 ; *In re N. Y. E. R. R. Co.*, 35 Hun, 414.) The order directing the receiver to sell the property was properly made. (2 R. S. 469, §§ 67, 68 ; 2 R. S. 41, 45, §§ 7, 26 ; Code Civ. Pro. § 716.)

ANDREWS, Ch. J.    There are four orders of the first Appellate Division presented for review on this appeal :

*First.* An order which dismissed an appeal taken by Whiton and Dimock from an order of the Special Term dated Oct. 25, 1895, as resettled Nov. 6, 1895, dissolving the corporation, the dismissal proceeding on the ground that the order of dissolution was entered upon default of the appellants and that they, therefore, had no right to appeal.

*Second.* An order dated May 15, 1896, which affirmed an order of the Special Term, which denied a motion made by Whiton to open his default on the motion in which the order of dissolution was made.

*Third.* An order which affirmed an order of the Special

Term, entered July 6, 1896, denying a motion made by Dimock and Howard to vacate the order of Oct. 25, 1895, dissolving the corporation.

*Fourth.* An order which affirmed an order of the Special Term, dated July 6, 1896, directing the receiver to sell the property of the corporation.

We have examined with care the record and have reached the conclusion that if the Special Term had jurisdiction to make the order of Oct. 25, 1895, dissolving the corporation, the orders appealed from were correct. No serious question is made in respect to the regularity of the proceedings up to the time that order was made. The proceedings were instituted under section 2420 of the Code of Civil Procedure. The proper parties were brought in. Dimock and Whiton (the appellants) answered the petition. The matter was referred to a referee to hear the proofs and determine the facts and report to the court. The referee, on July 30, 1895, made and delivered his report to the petitioner, in which, while he found facts bearing upon the question of the number of existing trustees of the corporation when the proceeding was instituted, he did not determine the question whether the number exceeded two, but he did find that the petitioner Ward, and the appellant Dimock, trustees, disagreed and still disagree as to the management of the club. Before the report was filed or served, and on the 23rd of August, 1895, the appellant Whiton obtained an order requiring Ward, Dimock and Howard to show cause why the proceeding for dissolving the corporation should not be dismissed upon the ground that the report of the referee and the testimony had not been filed with all convenient speed, &c. The motion came on to be heard August 27, 1895, and the report meanwhile having been filed, the motion was denied. On the same day Whiton and Dimock separately filed exceptions to the report. Three days afterwards, on the 30th day of August, 1895, Whiton obtained another order, entitled in the proceedings, founded on the affidavit of his attorney, the original petition and all the subsequent papers in the

proceeding, including the referee's report and the testimony taken by him, and the exceptions to the report, requiring the petitioner Ward and Dimock and Howard to show cause at a Special Term on Sept. 6, 1895, " why a final hearing should not be had and a final order should not be made herein, dismissing this proceeding and denying the prayer of the petitioner for a dissolution of the above-named corporation, or for such other or further relief in the premises as the court may deem equitable and just." The order reciting the papers on which it was founded was duly served on Ward, Dimock and Howard and on the attorney-general (together with a copy of the order proposed by Whiton). On the return day of the order all the parties appeared by counsel. The hearing was adjourned on motion of Ward's attorneys until the second Monday of October. On the adjourned day all the parties again appeared, Whiton by his counsel, Dimock and Howard by their counsel, and Ward by his counsel. On the application of the counsel for Dimock and Howard the hearing was again adjourned until the 23rd of October, 1895. On the 23rd of October the petitioner Ward appeared by his counsel, and Dimock and Howard appeared by counsel, and requested a further postponement, which was denied, and their counsel then withdrew. Whiton did not appear on that day. The counsel for the petitioner Ward (the counsel for the other parties not being present) thereupon submitted the matter to the court, and the court granted an order confirming the report of the referee and for the dissolution of the corporation.

It is insisted that the order of the Special Term was without jurisdiction and void, for the reason that the only order it was authorized to make upon the default of Whiton, who made the motion, was an order dismissing his application, and that it could not proceed to make a final order dissolving the corporation, the exact opposite of the relief sought by Whiton. On the other hand, it is claimed, in behalf of the petitioner, that under the circumstances disclosed, the whole matter was before the court, and that the

petitioner was in the same position, and the court possessed the same power as if the motion had been brought on on due notice by the petitioner of an application for the confirmation of the report of the referee and an order dissolving the corporation. Under section 2428 of the Code the application for a final order in a proceeding of this character is to be made by the petitioner. The section does not in terms so declare, but we think this is implied in what is expressed. The motion is to be made upon notice to each person who has made himself "a party to the proceeding" by filing a notice of his appearance, etc. It is also in accordance with the general rule that the party who institutes a proceeding is the one to apply for the relief sought. But where in a proceeding to dissolve a corporation the petitioner, after a referee has been appointed, neglects or refuses to proceed, we have no doubt that it is competent for the court on special application of any person interested, to direct the petitioner to move, so that the interests of all may be protected. So, also, we see no reason to doubt that if all the parties appear before the court for the purpose of procuring a final order, the court would be authorized to dispose of the matter, although no formal notice had been given by the petitioner. What was done in this case, taking as we are bound to do, for the purpose of upholding the order of Oct. 25, 1895, the facts most favorable to the respondent was, at least, equivalent to a voluntary appearance by Whiton, Dimock and Howard, and a consent that on the motion of Whiton the court should determine the merits of the controversy and make a final order in the premises. In the first place the order to show cause of August 30, 1895, construed in connection with the papers on which it was founded, indicates that it was intended to bring the whole matter before the court for final adjudication, and was not a mere motion to obtain a dismissal of the proceeding for want of prosecution. The affidavit presented to the court on the application for the order set out the proceedings which had been taken, the making of the referee's report, its delivery to the petitioner, the filing of exceptions, that the petitioner

had omitted to serve any notice for a final order and that his delay was causing injury to the parties interested, and it is declared that the affiant believes. that the referee's report, " notwithstanding that it was delivered to the petitioner, is in effect a decision in favor of the respondent herein." Upon this affidavit and the papers and proceedings in the matter, the applicant obtained the order to show cause in the terms heretofore stated. It is quite clear, we think, that a final order on the merits was contemplated as the result of the motion.

The counsel for Whiton claimed and now claims that the legal inference from the facts found by the referee is that there were more than two legal trustees of the corporation when the proceeding was instituted, which if true would defeat the proceeding and require its dismissal. We concur in the statement of the General Term, that the true view of Whiton's application is that it was an application for a final order in this special proceeding, and that, although the final order he demanded was one dismissing the proceeding, it was none the less an application for a final hearing of the special proceeding. When the parties appeared on the return of the order, not only was no objection made to the scope of the relief asked, but as appears from the proofs on the part of the petitioner on one of the adjournments, the question was directly raised before the judge, and he decided that the whole matter was before him as an application for a final order, and all the parties, including Dimock and Whiton, acquiesced in this view and the matter was adjourned to the 23rd of October for a final hearing. The whole matter was by the acts and conduct of the parties in possession of the court, and the court, we think, acquired jurisdiction to proceed on the adjourned day, as upon notice formally given by the petitioner to all the parties in interest, of an application for a final order.

The objection founded upon the omission to give formal notice to the attorney-general is without merit. He was served with the motion papers on the order to show cause of August 30, 1895, and of Whiton's proposed order. On the 23rd day of October, 1895, he admitted in writing due and

timely service of the proposed order dissolving the corporation and of notice of settlement. 'This was a sufficient compliance with section 8, chap. 378 of the Laws of 1883. The object of that section was attained by what was done, and there is no reason for denying the attorney-general the power to accept short notice of proceedings referred to in the statute. The result is that the order of dissolution of October 23rd, 1895, was as against Dimock, Whiton and Howard an order obtained upon default, from which they could not appeal. (Code, sec. 1294.) The order made on Whiton's motion to open his default was in the discretion of the courts below, from which no appeal lies to this court. The order denying Whiton and Dimock's motion to vacate the order of Oct. 25, 1895, was also addressed to the discretion of the court, and, no abuse of discretion appearing, is final in this court. The order instructing the receiver as to the sale of the property of the corporation was an ordinary exercise of the jurisdiction of the court and cannot be reviewed here.

The four appeals are, therefore, dismissed, with costs against the respective appellants in favor of the petitioner.

All concur, except BARTLETT, MARTIN and VANN, JJ., dissenting.

Appeals dismissed.