(23 Misc. Rep. 574.)

PEOPLE v. LOEW et al.

(Supreme Court, Special Term, New York County. May, 1898.)

INSURANCE—ILLEGAL ASSOCIATIONS—STATUTORY REGULATIONS.

By Laws 1892, c. 690, it was declared that no person, partnership, or association should engage as principals in the business of insurance in the state, unless possessed of the capital required of insurance corporations, and unless they had made deposits with the superintendent of insurance of securities to the same amount required from corporations, and a certificate had been issued by the superintendent to them; and by Laws 1894, c. 684, amending section 57 of the chapter referred to, it was provided that the provisions recited should not apply to individuals, partnerships, or associations known as "Lloyds," or as individual underwriters, which on October 1, 1892, were lawfully engaged in the business of insurance in the state, and not required to report to the superintendent of insurance. April 11, 1892, certain individuals organized several different Lloyds associations, identical in form, except as the names differed, with one attorney and manager for the whole, not for bona fide business purposes, but for the purpose of sale to purchasers to be found. March 14, 1894, the original associators, who had transferred one of such organizations to defendants by assignment, resigned, in pursuance of the terms of such transfer, previous to which event they had not been actually engaged in the business of insurance in the state. *Held*, that defendants were engaged in unlawfully transacting the business of insurance, as the original associators, from whom they derived whatever right they had, were not within such statutory exception.

Action by the people of the state of New York against Edward V. Loew and others, to declare defendants to be unlawfully transacting the business of insurance, and to restrain the issuance of insurance policies. Judgment for plaintiffs.

Theodore E. Hancock, Atty. Gen., and Eugene L. Richards, Jr., for the People.

Jacob A. Cantor, for defendants.

RUSSELL, J. The relief sought is a judgment declaring the defendants to be unlawfully transacting the business of insurance in this state by the name of the People's Fire Lloyds, and so unlawfully claiming to exercise a privilege or franchise not granted by the laws of the state, and for an injunction restraining the issuance of policies of insurance. The right to maintain the action, upon the facts stated in the complaint, was decided, in advance of the hearing of the testimony, in favor of the plaintiffs. 19 Misc. Rep. 248, 44 N. Y. Supp. 42. The evidence discloses that the defendants, to the number of about 17, are engaged in the business of fire insurance under contracts which provide for limited personal liability; claiming the right by assignment from the original associators, Parsons, Broderick, and Holt. These three individuals on the 11th of April, 1892, in one afternoon, prepared the papers for the organiza-

tion of 30 different Lloyds associations, identical in form, except as the names differed, with one attorney and manager for the whole; one of the associations being now named the People's Fire Lloyds, and managed by the defendants. The original organization was not made for the bona fide purpose of conducting insurance business by the associators through the 30 different organizations, but for the purpose of sale to purchasers to be found. Four small policies were issued by the People's Lloyds, all within the circle of the associators and business friends. These policies were not issued for the purpose of starting and continuing a general insurance business, but to effect a nominal use of the apparent purpose of the organization. At a meeting of the associators held in July, 1892, it was decided that it would be inadvisable to issue any more policies until the general fire business should undergo further improvement. On the 14th of March, 1894, the three associators elected Benjamin F. Rhoades and several others as associate members, and then resigned, pursuant to the terms of the transfer of the rights of the original associators. Whether there was anything to be transferred, which gave the defendants the right to continue the business of fire insurance in this state, depends upon whether, from the 1st day of October, 1892, the original associators were actually engaged in the business of insurance within this state.

By chapter 690 of the Laws of 1892, it was declared that no person, partnership, or association should engage as principals in the business of insurance in this state unless possessed of the capital required of insurance corporations, and unless they had made deposits with the superintendent of insurance of securities to the same amount required from corporations, and a certificate had been issued by the superintendent to them. By chapter 684 of the Laws of 1894, amending section 57 of chapter 690 of the Laws of 1892, it was provided that the provisions referred to should not apply to individuals, partnerships, or associations known as "Lloyds," or as "individual underwriters," which on the 1st day of October, 1892, were lawfully engaged in the business of insurance within this state, and not required to report to the superintendent of insurance. This saving clause applied, undoubtedly, to those who had invested capital, means, and labor in the creation of an association for the honest purpose of effecting insurances, and had proceeded to such an extent as to be actually engaged in that business on the 1st day of October, 1892. The exception of this class of persons from the general public policy of the state, as announced by chapter 690 of the Laws of 1892, was designed to relieve from the hardship of the prohibition those who had in good faith acquired property rights, and earned somewhat of a good will in the insurance business by their efforts, prior to the date named. The general policy of the state remained the same as to all others, and was announced by statute, in recognition that the business of insurance had become so expanded as to be a matter of public concern, and to require the deposit with the superintendent of considerable capital to secure the public dealing with insurance companies, and the supervision of the superintendent of insurance as to the management of the different com-

panies. The state had for many years maintained an insurance department, as one of the public departments of the state, for the supervision of the business of insurance, and had assumed that the franchise or right to offer to the public satisfactory and secure provision against loss was one within the discretionary control of the legislature. University v. People, 99 U. S. 309; Thompson v. People, 23 Wend. 547; State v. Ackerman, 51 Ohio St. 163, 37 N. E. 828; Com. v. Vrooman, 164 Pa. St. 306, 30 Atl. 217. Can this present organization be said fairly to come within the spirit of the exception to the declared public policy of the state? Insurance companies are organized for the purpose of making insurances, and not for the purpose of sale. When individuals, through the form of a corporation, or any other associated enterprise, create a company whose defined objects are the effecting of insurances, the presumption is that the business in which they are actually to engage is that to which the objects are avowedly devoted. In the present case, from the wholesale organization of many associations at the same time by three individuals, and the suspension of business by the original associators, it becomes plain that insurance was only to be carried on as an actuality from the time when the associators should separate themselves from the enterprise, and the real insurers of property take charge of the affairs of the company. Until that event occurred the original associators were not actually engaged in the business of insurance within the state, and so do not come within the exception to a beneficent public policy, devised for the protection of the insuring public, and have no equitable claim to be freed from the prohibitions expressed in the law, or to exercise a monopoly or privilege, with freedom from liability, shared by very few citizens of the state. No sale of such an enterprise can convey a bet-, ter right than the associators themselves had, nor can the action or recognition of any of the executive officers of the state legalize a business declared unlawful by its general laws.

Judgment is directed in favor of the plaintiffs, adjudging the defendants to be unlawfully transacting the business of insurance in the state of New York as the People's Fire Lloyds, and unlawfully claiming and exercising a privilege or franchise not granted by the laws of the state, and for an injunction restraining the issuance of policies by said persons until compliance with the conditions imposed by law, with costs to the plaintiffs against the defendants. Ordered accordingly.