In re HOTCHKISS.

(Supreme Court, Appellate Division, First Department. June 3, 1910.)

1. APPEAL AND ERROR (§ 127*)—APPEALABLE ORDERS—DEFAULTS.

Under Code Civ. Proc. § 1924, prohibiting appeals from default orders, no appeal lies from a default order directing the Superintendent of Insurance to take charge of an insurance concern, under Insurance Law (Consol. Laws, c. 28) § 63; the remedy being a motion to open the default.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 885–891; Dec. Dig. § 127.*]

2. APPEAL AND ERROR (§ 870*)—DECISIONS REVIEWABLE.

An appeal from an order directing the Superintendent of Insurance to take charge of an insurance concern, under Insurance Law (Consol. Laws, c. 28) § 63, brings up for review preliminary objections made on the hearing of the motion for the order.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3487–3512; Dec. Dig. § 870.*]

Appeal from Special Term, New York County.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, CLARKE, and DOWLING, JJ.

Holmes Jones, for appellant.
Amos H. Stephens, Deputy Atty. Gen., for respondent.

SCOTT, J. This is an appeal from an order authorizing the Superintendent of Insurance to take possession of the New York and New England Underwriters at Lloyds of New York City, and restraining said underwriters from continuing to transact business, except through said Superintendent. The procedure is authorized by section 63 of the insurance law.

The appeal is prosecuted by an attorney styling himself attorney for the New York and New England Underwriters at Lloyds of New York City, but it is not made clear that he represents any one entitled to be designated as such an underwriter, or who is affected by the order appealed from. He explicitly disclaims any retainer by or right to appear for the individuals who at the time of making the order appealed from were acting as underwriters at said Lloyds. He appears to represent four individuals who claim to own a sort of charter or franchise to do business as individual underwriters under the name above specified, which they use as merchandise, granting rights to do business thereunder to successive groups of individuals, preferably, apparently, those who are financially irresponsible. These four so-called owners do not underwrite themselves, and in their contracts with or licenses to others carefully protect themselves against any liability upon insurance losses. It has not been explained to us, and we have not been able to discover what rights or interests these so-called owners of the New York and New England Lloyds have in the use of that

name, since they ceased to be underwriters themselves. It would seem that, if they ever had any such right, title, or interest, they have long since forfeited it by ceasing to do an insurance business. People v. Loew, 23 Misc. Rep. 574, 52 N. Y. Supp. 799. It is not, therefore, made clear that the attorney who prosecutes this appeal represents any one who is entitled to be heard in opposition to the motion of the Attorney General.

But, if we assume that those whom he represents are so entitled, still this appeal cannot prevail. The motion was brought on by an order to show cause. The attorney for the appellant twice appeared and obtained adjournments, without qualifying his appearance in any way. When the motion came on to be heard, he interposed two preliminary objections, which were overruled. He then suffered the order to be entered upon his default, contenting himself with his preliminary objections, which he now urges upon us on this appeal. The same objections were before us on a former appeal in this proceeding, and were not deemed to be of sufficient importance to require a written expression of opinion. But, even if we should consider them well taken, the appellant is in no position to raise them here, because the order, having been entered on default, is not appealable. Matter of Radam Microbe Killer Co., 114 App. Div. 199, 99 N. Y. Supp. 925; section 1294, Code Civ. Proc. If, after his preliminary objections had been overruled, the attorney had opposed the motion, and thus made himself a party to the order, an appeal from the order would have brought up for review his preliminary objections. As it is, however, since the order is not appealable, the present appellant (or appellants), whoever he or they may be, are left to a motion to open the default. If, on such a motion, the attorney who submits it is able to show to the court that he represents any one who is entitled to be heard in opposition to the motion, or will be aggrieved by the order applied for, and if he is able to offer a sufficient legal excuse for having suffered the motion to go against him by default, it may be that he will be permitted to come in and oppose the motion.

Appeal dismissed, with $10 costs and disbursements. All concur.

---

In re HOTCHKISS.

(Supreme Court, Appellate Division, First Department.   June 3, 1910.)

