name, since they ceased to be underwriters themselves. It would seem that, if they ever had any such right, title, or interest, they have long since forfeited it by ceasing to do an insurance business. People v. Loew, 23 Misc. Rep. 574, 52 N. Y. Supp. 799. It is not, therefore, made clear that the attorney who prosecutes this appeal represents any one who is entitled to be heard in opposition to the motion of the Attorney General.

But, if we assume that those whom he represents are so entitled, still this appeal cannot prevail. The motion was brought on by an order to show cause. The attorney for the appellant twice appeared and obtained adjournments, without qualifying his appearance in any way. When the motion came on to be heard, he interposed two preliminary objections, which were overruled. He then suffered the order to be entered upon his default, contenting himself with his preliminary objections, which he now urges upon us on this appeal. The same objections were before us on a former appeal in this proceeding, and were not deemed to be of sufficient importance to require a written expression of opinion. But, even if we should consider them well taken, the appellant is in no position to raise them here, because the order, having been entered on default, is not appealable. Matter of Radam Microbe Killer Co., 114 App. Div. 199, 99 N. Y. Supp. 925; section 1294, Code Civ. Proc. If, after his preliminary objections had been overruled, the attorney had opposed the motion, and thus made himself a party to the order, an appeal from the order would have brought up for review his preliminary objections. As it is, however, since the order is not appealable, the present appellant (or appellants), whoever he or they may be, are left to a motion to open the default. If, on such a motion, the attorney who submits it is able to show to the court that he represents any one who is entitled to be heard in opposition to the motion, or will be aggrieved by the order applied for, and if he is able to offer a sufficient legal excuse for having suffered the motion to go against him by default, it may be that he will be permitted to come in and oppose the motion.

Appeal dismissed, with $10 costs and disbursements. All concur.

---

In re HOTCHKISS.

(Supreme Court, Appellate Division, First Department. June 3, 1910.)

Appeal from Special Term, New York County.

Application by William H. Hotchkiss, as Superintendent of Insurance. On appeal from an order. Dismissed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

H. Jones, for appellant.

A. H. Stephens, for respondent.

PER CURIAM. Appeal dismissed, with $10 costs and disbursements, for the reasons stated in appeal No. 2 in this proceeding (decided herewith) 123 N. Y. Supp. 511.