(Supreme Court, Appellate Division, First Department. June 4, 1915.)

Appeal from Special Term, First Department.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

PER CURIAM. Order affirmed, with $10 costs and disbursements.

---

FIRST NAT. BANK OF BROWNSVILLE, TEX., v. FLEITMANN et al.
(No. 7362.)

(Supreme Court, Appellate Division, First Department. June 4, 1915.)

1. APPEAL AND ERROR ☞127—ORDERS APPEALABLE—DEFAULT ORDERS.
    A party cannot question the validity of a default order, and an appeal therefrom by him must be dismissed.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 885–889, 891; Dec. Dig. ☞127.]

2. BILLS AND NOTES ☞99—STIPULATIONS FOR ATTORNEY'S FEES—VALIDITY—WHAT LAW GOVERNS.
    The validity of a note executed in Texas and made payable there is governed by the law of Texas, and a provision stipulating for attorney's fees in case the note is placed in the hands of an attorney for collection, valid under the law of Texas, is valid in New York, and will be enforced in New York.
    [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 213; Dec. Dig. ☞99.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from Special Term, New York County.

Action by the First National Bank of Brownsville, Tex., against Lida M. Fleitmann, as administratrix, and another. From an order overruling in part and sustaining in part demurrers to certain defenses, plaintiff and defendant Fleitmann both appeal. Appeal of defendant dismissed, and order reversed on plaintiff's appeal.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

William M. Kilcullen, of New York City, for plaintiff.

Nash Rockwood, of New York City, for defendant.

McLAUGHLIN, J. The complaint alleges that defendant Fleitmann's intestate and Walter C. Shaw, on the 1st of August, 1913, at the city of Brownsville, Tex., for value received, made and delivered to the plaintiff their promissory note in writing, dated on that day, by which they promised to pay to the plaintiff, or its order, at its office in the city Brownsville, Tex., $13,076.40 on the 1st day of November, 1913, with interest at the rate of 10 per cent. per annum until paid, and in addition thereto, if default were made in the payment of the note at maturity and the same placed in the hands of an attorney for collection, 10 per cent. of the principal and interest thereof as collection fee; that when the note fell due it was duly presented for payment, which was refused, whereupon the note was protested, and notice given to the defendants that the protest fees amounted to $4; that thereafter the plaintiff placed the note in the hands of an attorney for collection, agreeing to pay him a fee amounting to 10 per cent. of the principal and interest thereof; and that at the time the note was given, and at all times thereafter, it was and is the law of the state of Texas that parties to a promissory note or other negotiable instrument may stipulate and agree therein that in the event that default be made in the payment thereof at maturity, and the same placed in the hands of an attorney for collection, the makers or other persons liable thereon will pay the additional amount of 10 per cent. of the principal and interest of said instrument as attorney's fees.

The answer of Fleitmann's intestate set up two separate and two partial defenses, to which the plaintiff demurred, on the ground that each was insufficient upon the face thereof. The demurrer to the first and second defense and the second partial defense was sustained, and overruled as to the first partial defense. The plaintiff appeals from so much of the order as overruled the demurrer, and the defendant appeals from so much of the order as sustained the demurrer.

[1] The order appealed from recites that, after hearing "counsel for the plaintiff in support of said demurrer and no one appearing in opposition thereto," it is ordered, etc. Subsequently the defendant made a motion to resettle the order by having a provision inserted therein to the effect that her counsel did appear and was heard. The motion was denied, and on appeal the order was affirmed. 153 N. Y. Supp. 869 (decision handed down herewith). The order appealed from, therefore, so far as the defendant is concerned, was made upon her default, and by reason of that fact she is not in a position to ques-

tion its validity. Matter of Hotchkiss (No. 2) 138 App. Div. 877, 123 N. Y. Supp. 511; Matter of Radam Microbe Killer Co., 114 App. Div. 199, 99 N. Y. Supp. 925; Matter of Peekamose Fishing Club, 5 App. Div. 283, 39 N. Y. Supp. 124, appeal dismissed 151 N. Y. 511, 45 N. E. 1037; section 1294, Code of Civil Procedure. The appeal of the defendant, therefore, must be dismissed.

[2] This leads to a consideration of the question presented by plaintiff's appeal. As indicated, it appeals from so much of the order as overruled its demurrer to the first partial defense. This defense admits that the defendant Fleitmann's intestate "made and executed the promissory note in the form as alleged in paragraph 'second' of the plaintiff's complaint, to which reference is hereby made and which is a part of this answer." Then follows an allegation to the effect that the note contained a provision, in case default were made in its payment at maturity, and the same were placed in the hands of an attorney for collection, defendant would pay to the plaintiff, or its order, an additional amount of 10 per cent. on the principal and interest as collection fees; that the provision for the payment of the additional amount of 10 per cent. as collection fees "is illegal, and is opposed to the public policy of the state of New York, and is unenforceable in this state and in the courts thereof."

The facts thus pleaded show that the promissory note upon which a recovery is sought is a Texas contract, and the validity of the provision for the collection fee must be determined by the laws of that state. The defendant does not raise an issue as to the validity of such a provision under the laws of Texas; on the contrary, such validity is admitted, at least impliedly, by defendant's failure to deny the allegation of paragraph 4 of the amended complaint, which sets forth the validity of such a provision under the laws of that state. All he asserts is that such a provision is unenforceable in the state of New York, since it is opposed to the public policy of the state. If the provision is valid in the state of Texas, it is valid here, and will be enforced. There are numerous decisions to the effect that such a provision in a promissory note is valid, and will be enforced, under the laws of Texas. O'Connell v. Rugely, 48 Tex. Civ. App. 456, 107 S. W. 151; Childs v. Juenger, 162 S. W. 474. The facts pleaded, therefore, do not constitute a partial defense to the cause of action set out in the complaint.

It follows that the order, in so far as appealed from by the plaintiff, should be reversed, with $10 costs and disbursements, and the demurrer sustained, with $10 costs, with leave to the defendant to serve an amended answer, upon payment of costs in this court and in the court below, and the appeal by the defendant dismissed, with $10 costs. Order filed. All concur.