(92 Misc. Rep. 214)

### INTERNATIONAL MOTOR CO. v. PALMER.

(Supreme Court, Appellate Term, First Department.   November 3, 1915.)

1. BILLS AND NOTES ⬾527—PAYMENT—EVIDENCE.

Where plaintiff introduced testimony by its fiscal officers that the notes in suit were unpaid, defendant's unsupported testimony that they were paid is insufficient, where he could not give the dates or amounts of payments or produce any receipts, to sustain the burden of proving the defense.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1847–1855;  Dec. Dig. ⬾527.]

2. USURY ⬾62—AGREEMENTS CONSTITUTING—PAYMENT OF ATTORNEY'S FEES.

A provision in notes that, in case of suit for collection, the maker should pay an attorney's fee, does not, in the absence of proof of a corrupt intent, render them void for usury;  the maker having the option to discharge the notes upon payment of the principal and legal interest.

[Ed. Note.—For other cases, see Usury, Cent. Dig. § 135;  Dec. Dig. ⬾62.]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by the International Motor Company against John Palmer. From a judgment for defendant, plaintiff appeals.   Reversed and remanded.

Argued  October  term,  1915,  before  BIJUR,  PAGE,  and SHEARN, JJ.

Cook & Elgar, of New York City (Walter Cook, Jr., of New York City, of counsel), for appellant.

Alex. Sidney Rosenthal, of New York City, for respondent.

SHEARN, J.   Defendant delivered to plaintiff a series of twenty of his promissory notes in payment for an automobile, each for $125, and in connection with the transaction delivered three other notes, one for $55 and two for $50.   The action is one to recover a balance of $75 on one of the $125 notes, a balance of $13 on another, a balance of $25 on another, and the principal of the three smaller notes, together with an attorney's fee of $50 each on each of the smaller notes.   The defense was that the three notes, upon which a balance was claimed, had been paid in full, and that the three smaller notes were unenforceable for usury.   The court sustained the defense of usury, and submitted the issue of payment to the jury.

[1] Plaintiff introduced testimony of an assistant to the treasurer of the plaintiff corporation, who was thoroughly familiar with the account and had had entire charge of it from its beginning.   Defendant, who is unable to read or write, testified very positively that the notes were paid;  but he was unable to produce the notes, or any receipts for the alleged payments, or to specify when the payments were made, or the amounts of these various payments.   He had no books or data with which to refresh his recollection, and his affairs were evidently conducted in a very unbusinesslike manner.   A mere oath that an ac-

count is paid does not, under such circumstances, meet the requirement for sustaining the burden of proof with a preponderance of evidence. The verdict is readily accounted for by the great amount of irrelevant testimony which was introduced over the objection of the plaintiff, much of it being calculated to prejudice the plaintiff. The court erroneously charged the rule respecting the rights of a creditor to apply payments in the absence of instructions from the debtor.

[2] It was also erroneous to hold that the three smaller notes were void for usury. A stipulation in a loan contract that, in case of nonpayment at maturity, the borrower shall pay the cost of collecting the debt by legal process, including a reasonable attorney's fee, does not, in the absence of proof of a corrupt intent, constitute usury. The debtor was free to discharge the debt by payment of principal and legal interest at maturity. Pomeroy v. Ainsworth, 22 Barb. 118; Sumner v. People, 29 N. Y. 337.

Judgment reversed, and new trial ordered, with $30 costs to appellant to abide the event. All concur.