COMMERCIAL INVESTMENT TRUST, INCORPORATED, Plaintiff, *v.* HERMAN R. ESKEW and Another, Defendants.

Supreme Court, Cattaraugus County, December 8, 1925.

Bills and notes — usury — provision in promissory note permitting attorney's fee of fifteen per cent for collection is valid — said provision does not violate usury laws or public policy of State — said provision approved by Negotiable Instruments Law, § 21.

A provision in a promissory note, whereby the maker promises and agrees to pay fifteen per cent of the principal and interest as attorney's fees, if said note be placed in the hands of an attorney for collection, is valid. It is not in violation

of the usury laws or the public policy of the State, and provides a fair measure of damages.

The Legislature has, in effect, approved the provision by section 21 of the Negotiable Instruments Law, which provides that " The sum payable is a sum certain within the meaning of this chapter although it is to be paid:   *   *   *   5. With costs of collection or an attorney's fee, in case payment shall not be made at maturity."

MOTION by plaintiff for summary judgment in action to recover balance due on promissory note.

*D. L. Jewell,* for the plaintiff.

*Robert E. Murrin,* for the defendants.

NORTON, J.   This action is brought to recover the unpaid balance of a promissory note, made by the defendant Eskew, and indorsed and guaranteed by the defendant Close, the payee therein, and also fifteen per cent of the principal and interest, as attorney's fees for collection thereof, computed on the amount thereof unpaid, when the note was, after maturity, placed by plaintiff in an attorney's hands for collection, as specifically stipulated and contracted for in such promissory note.

Defendants in their answer, after admitting all of the allegations of the complaint, as their sole defense allege " that the provision contained in said note wherein and whereby the maker promised and agreed to pay plaintiff 15% of the principal and interest as attorney's fees, if said note were placed in the hands of an attorney for collection, is unfair, unjust, oppressive, unconscionable, and against the policy of the State of New York, and is an improper, unfair, unjust and unlawful provision and measure of damages."

Thus the determination of this motion depends upon the validity of the agreement in the note to pay the fifteen per cent attorney's collection fees.

Counsel upon the submission stated that the question involved herein has not been passed upon by the courts of New York.   And I have been unable to find any reported case in which it has.

Corpus Juris (vol. 8, p. 148, § 256) says: " It is generally held that such a provision, unless in conflict with usury laws, is valid," enumerating fifteen States, including New York, in which it says such is the law, and in support of such statement citing authorities.   But the authority cited in support of the assertion that such is the law in New York State is a case decided by a Virginia court (*Oglesby Co.* v. *Bank of New York,* 114 Va. 663), in which case, after quoting section 21, subdivision 5, of the Negotiable Instruments Law of New York, the court states, as its sole other authority for holding such to be the law of New York State: " It

was also proved by attorneys of high standing in New York, that the ten per cent. attorney's fee clause was legal and binding upon the maker of a negotiable note, both by statute and the unwritten commercial law of the State."

That case cannot be regarded as an authority to be relied upon and accepted as fixing the law for the State of New York.

Corpus Juris lists eight States holding that such a provision is invalid and unenforcible, for one reason or another of the following, viz., that it is contrary to public policy, as tending to encourage litigation and to oppress the debtor; that it is an agreement without consideration for a penalty or forfeiture; or that it is an evasion of usury laws.

That such provision is not in violation of the usury law of the State of New York is well established; it obligates only in event of the obligor's default upon his principal obligation; and then only in event the obligee places the note in an attorney's hands for collection, and thereby obligates himself to pay the expense incident thereto. That it is not a medium for exacting more than legal interest, nor intended as an evasion of the usury laws, follows from the fact that the obligor not merely may relieve himself therefrom, but he is not subject thereto nor bound thereby, if he fulfills his primary agreement according to its tenor.

Further, the holder of the note makes no profit nor gain by such provision; its purpose and effect is to protect him from loss caused, not by his own act, but by the default of those making such contract or bound thereby.

In the case of *Attorney-General* v. *North American Life Insurance Co.* (82 N. Y. 172, 191) the court quotes from 2 Parsons on Contracts (p. 393) the following as the law, viz.: " An agreement to pay more than interest by way of penalty for not paying the debt, is not usurious, because the debtor may relieve himself by paying the debt with lawful interest." (*Sumner* v. *People*, 29 N. Y. 337; *Pomeroy* v. *Ainsworth*, 22 Barb. 118.)

And in the case of *International Motor Co.* v. *Palmer* (92 Misc. 214) the court holds that a note with a provision similar to the one in question herein is not usurious, and the decision in *Webster* v. *Roe* (124 Misc. 110, 113) is to the same effect.

Neither can it be fairly regarded as a penalty or forfeiture and without consideration. The consideration for the note is sufficient consideration for such conditional obligation thereof. The answer admits that the note was given by the defendant Eskew to the defendant Close for the purchase price of an automobile. Thus an adequate consideration for the note and all of its stipulations is admitted by the answer.

In principle can such provision be distinguished from the provisions of our law imposing the costs of an action on the party against whom a judgment goes? Such costs are not charged as a penalty upon, nor to work a forfeiture against the unsuccessful (delinquent) party, but to protect and preserve the successful (injured) party from loss caused by the fault of the other. But if it is to be held a penalty, it is the defaulting party who penalizes himself by his failure to fulfill his primary agreement. Parties should not be absolved from their contracts and protected from the consequences of their own defaults, and those with whom they contract subjected to loss thereby, in the absence of specific law forcing such results.

That such provision should be held void as against public policy, in that it encourages litigation, I do not believe. It can more consistently be argued that such provisions would spur the obligors to greater efforts to pay their notes when due, in order to save such fees, thus encouraging the fulfillment of contracts and lessening litigation.

As to such provisions oppressing debtors, they apply to and burden no one who has not contracted therefor.

To vitiate such provision on the ground that it oppresses the debtor is not warranted by fact. Saving the debtor from oppression should not mean relieving him from the force of his own contract and the effects of his own default by absolving him from his contractual liability, and transferring the burden he assumed to the one for whose benefit he engaged to assume it, unless, at least, the obligation so to be destroyed is on its face unjust and oppressive.

As the enacted law does not, the courts should not, under the guise of relieving from oppression, grant absolution to parties from engagements duly contracted, that are neither unreasonable, unfair nor unjust.

That the courts of this State are of the opinion that a provision in a note, such as the one in question herein, is not unreasonable, unfair nor unjust, in and of itself, as an abstract question, is a fair inference from the decision of the Appellate Division, First Department, in the case of *First National Bank* v. *Fleitmann* (168 App. Div. 75) in which the court holds that such a provision in a promissory note made in another State where the provision is valid, is valid in and will be enforced by the courts of this State; and from the decisions that such provisions in promissory notes are not usurious, see *International Motor Co.* v. *Palmer* (*supra*); *Webster* v. *Roe* (*supra*).

The fee contracted for herein, fifteen per cent, is not exorbitant

nor unreasonable, but on the contrary is just and fair; it is known and accepted by the business world generally as the fee charged by collection agencies for making collections.

Finally, what is entitled to great weight in determining the policy of the State in regard to a provision of the character in question, is that the Legislature, after requiring, in subdivision 2 of section 20 of the Negotiable Instruments Law, that a negotiable instrument " must contain an unconditional promise or order to pay a sum certain in money," enacted, in section 21 of said law, that " the sum payable is a sum certain within the meaning of this chapter, although it is to be paid: * * * 5. With costs of collection or an attorney's fee, in case payment shall not be made at maturity."

It is a fair deduction from such law that the law-making body of the State not only does not regard such provisions as the one in question herein as beyond the pale, as contrary to public policy, but apparently puts its stamp of approval thereon. It is a fair inference that the Legislature by such law recognized such a provision as coinciding with the public policy of the State.

I am of the opinion that the provision in question in the instant case is neither unfair, unjust, oppressive nor unconscionable, and that it is not against the policy of the State of New York, and that it is not an unlawful provision and measure of damages.

The motion for summary judgment is granted, and judgment is granted and directed accordingly, with costs of this motion.