JOHN J. ROE, Appellant, v. MUIR C. SMYTH and Others, Respondents.

Second Department, December 17, 1937.

*George H. Carleton* [*John R. Vunk* and *Harold Ashare* with him on the brief], for the appellant.

*Douglas E. Brown*, for the respondents.

ADEL, J. The plaintiff is the last of several indorsers of a note indebtedness. After maturity he paid the full amount of the indebtedness to the bank, the holder of the instrument, and took delivery of the note. He then brought suit for the amount he had paid, and succeeded in obtaining reimbursement therefor. He brings the instant action against five prior indorsers to recover the expenses he incurred and actually paid in collecting the note indebtedness, including a reasonable attorney's fee. The action is predicated on the following clause, which appears in the note in addition to the usual promise to pay: " The drawers and endorsers severally waive presentation for payment, protest, and notice of protest for non-payment of this Note. I, we or either of us hereby further agree that, if this Note is not paid at maturity and said Note be collected by an attorney, that I, we or either of us will pay all costs of collection including a reasonable attorney's fee."

At Special Term the complaint was dismissed, on defendants' motion, on the ground that it did not state a cause of action. The opinion shows that plaintiff has been deprived of his right to action because of the rule that limits an indorsee's recovery, from an indorser, to the face amount of the note plus interest, citing 8 Corpus Juris (p. 1091, § 1418); *Ingalls* v. *Lee* (9 Barb. 647); *Cram* v. *Hendricks* (7 Wend. 569); *Munn* v. *Commission Co.* (15 Johns. 44). It is also stated in the opinion that to permit this action might result in the absurd situation that successive indorsers might add attorney's fees when claiming against prior indorsers, and thereby confront the one ultimately liable with an obligation much greater than that of the face amount of the note.

The reported New York decisions do not deal with the precise question presented here, though stipulations to pay costs of collection, made in conjunction with agreements to pay note indebtedness, have invariably been upheld as valid in New York State. (Neg. Inst. Law, § 21, subd. 5; *Commercial Investment Trust, Inc.,* v. *Eskew,* 126 Misc. 114; *Attorney-General* v. *North Amer. L. Ins. Co.,* 82 N. Y. 172, 191; *International Motor Co.* v. *Palmer,* 92 Misc. 214; *Webster* v. *Roe,* 124 id. 110, 113; *First National Bank* v. *Fleitmann,* 168 App. Div. 75; *Waxman* v. *Williamson,* 256 N. Y. 117, 123; *Morris Plan Co.* v. *Currie,* [App. Term] 161 N. Y. Supp. 292, not officially published.)

The agreement in suit does not provide that an extra amount is to be due *ipso facto* upon default in payment. The costs of collection are due only in the event that the note is required to be collected by an attorney; and plaintiff has alleged that he actually paid the expenses now sued for. In this connection it should be noted that " costs of collection including a reasonable attorney's fee " does not refer to costs in an action, which are recoverable at law, but to attorney's fee for services in making or attempting to make collection. (*Cox* v. *Hagan,* 125 Va. 656, 680; 100 S. E. 666.) And the sum sued for under the agreement is, in law, a " debt." (*Waxman* v. *Williamson, supra,* p. 120 *et seq.*)

The agreement being valid, the question for decision here is whether or not, under the agreement, the last indorser, who has actually paid costs of collection, is entitled to recover from prior indorsers. The decisions in other jurisdictions show that there is no uniform rule as to the rights and liabilities arising from the various forms of agreements considered. (*Taylor* v. *Continental Supply Co.,* 16 F. [2d] 578.) In some jurisdictions the indorser has been held not liable for costs of collection to the holder, the implication being that the agreement operates between the maker and the holder. (*Robinson* v. *Aird,* 43 Fla. 30; 29 So. 633; *City Savings Bank* v. *Kensington Land Co.,* [Tenn. App.] 37 S. W. 1037.) In one of the same jurisdictions there are later decisions to the contrary; and a comaker or other surety has been held liable for counsel fee to the holder of the note. (*Franklin* v. *The Duncan,* 133 Tenn. 472; 182 S. W. 230; *Merrimon* v. *Parkey,* 136 Tenn. 645; 191 S. W. 327.)

In several decisions, both in this State and in other jurisdictions, the rule that an indorsee may not recover from his indorser any more than he actually paid on the note indebtedness is stated. So that, if he has paid less than the face amount of the note, such, for example, as a partial payment on account, he can recover from an indorser only the amount actually paid; although he can recover

the face amount of the note from the maker. (8 C. J. p. 1091, § 1418; *Ingalls* v. *Lee, Cram* v. *Hendricks, Munn* v. *Commission Co., supra; Schaeffer* v. *Hodges,* 54 Ill. 337.) It is worthy of note, however, that these decisions were not concerned with attorney's fee agreements, but with ordinary note indebtednesses.

In one case there was reversal because an indorsee had been permitted to recover from his indorser an amount in excess of the face amount of the note plus interest. (*Short & Co.* v. *Coffeen,* 76 Ill. 245.) The reversal was on the ground that, under the rule, the indorsee's recovery against his indorser is limited to the face amount of the note plus interest. I believe the facts in that case, however, are clearly distinguishable from those in the case at bar, for the following reasons: (1) It is clear from the language of the contract, which appears in the opinion, that only the maker had undertaken to pay attorney's fee in case of default; and (2) there was no proof that attorney's fee or any costs of collection had actually been incurred or expended.

I do not read any of the foregoing cases as enunciating a dogmatic rule to the effect that under no manner of circumstances or agreement is an indorsee entitled to recover from his indorser an amount greater than the face amount of the note plus interest. If the agreement contemplates a different result, then the rule can have no relevancy; and it is settled that parties may contract to waive the usual effect of a rule of law. (*International Publications* v. *Matchabelli,* 260 N. Y. 451.) I have already quoted the language of the agreement in the case at bar, and its joint and several nature is apparent. We are required to interpret its terms. I am persuaded that reasonable construction shows that it was contemplated to render any of the parties liable to any lawful holder of the note for costs of collection in case of default in payment and collection by an attorney. After plaintiff, the last of all the indorsers, had paid the past due indebtedness to the holder, any of the defendants might have voluntarily reimbursed plaintiff and avoided the incurrence of collection expenses. Plaintiff, by taking up the note, became entitled to whatever rights the former holder had thereunder; and it would seem in fairness that he should not be denied a recovery that any other holder would have. Plaintiff was a holder for value (*Kelly* v. *Burroughs,* 102 N. Y. 93); and upon taking up the note he became equitably entitled to be substituted to the rights and remedies of the former holder, and became the beneficial owner of the debt (*Madison Square Bank* v. *Pierce,* 137 N. Y. 444, 447, 448) and entitled to full relief from prior indorsers (*Cox* v. *Hagan, supra,* pp. 668, 669).

My conclusion is that the complaint states a good cause of action. There is precise authority for this conclusion in *Cox* v. *Hagan* (*supra*), which is the only case I have been able to find that considered an agreement substantially identical with that now before us, and also considered the rights and liabilities as between two indorsers. The agreement read: " The makers and indorsers of this note hereby waive presentment protest and notice of dishonor  *  *  *  and further agree to pay costs of collection, or ten per cent attorney's fee in case payment shall not be made at maturity." The opinion states (p. 680) that the proper construction of the agreement is that the makers *and indorsers* agreed to pay the lawful holder such reasonable attorney's fee as the holder had *actually incurred* for services of an attorney in making collection; and the plaintiff, an indorser who had paid the indebtedness, was shown to be the lawful holder.

In that case, as in the case at bar, it was contended that the plaintiff was equally liable with the other indorsers, and hence was entitled to recover only the *pro rata* amount due by the defendants, indorsers, because each indorser assumed the same liability as every other. I think this contention is sufficiently overcome by the following statement in the opinion (p. 669): " As to the plaintiff they were all principal obligors, unless indeed there had been an agreement between themselves and the plaintiff that their obligation should be otherwise, which the plea, as aforesaid, does not allege."

In the case at bar we are considering only the sufficiency of the complaint in one of the allegations of which the full agreement has been set forth, and it appears that the plaintiff was the last indorser and that he paid the note. It is, therefore, clear that as to him the defendants are *prima facie* principal obligors, and that he is entitled, under the agreement, to recover the full amount that was indorsed to him.

As to the contention that to permit plaintiff to maintain this action might lead to a situation wherein each indorser could add new collection costs to the amount he might claim from his prior indorser, I believe this is anticipating a condition that may never exist in the case at bar. Five of the indorsers have been named defendants in this action, and a discharge of obligations can prevent the creation of new expenses of collection. *Cox* v. *Hagan* (*supra*) is clearly decisive. It was decided by the highest court in the State of Virginia and should be followed.

Entirely apart from any contentions urged on this appeal, I have considered the possibility that plaintiff might be precluded from bringing this action on the ground that he should have claimed for the counsel fees in the action he brought to recover the amount

he paid on the note. The rule is that a party cannot split up an entire cause of action and maintain several actions, each for part of his demand. (*Silberstein* v. *Begun*, 232 N. Y. 319, at p. 324.) However, it is often a close question as to whether or not a party has in fact split up a cause of action. ( *Union Trust Co. of Rochester* v. *Kaplan*, 249 App. Div. 280; *Reilly* v. *Sicilian Asphalt Paving Co.*, 170 N. Y. 40.) In the case at bar the contract includes two separate agreements: the one to pay the note indebtedness, and the other to pay costs of collection if they are incurred. A cause of action on the second agreement could only arise in case an event other than the failure to pay the note took place, namely, that an attorney made collection. The plaintiff has not, therefore, split a single cause of action (*City Savings Bank* v. *Kensington Land Co.*, *supra*), but is seeking to recover a debt that accrued after he had paid the note.

The order and judgment dismissing the complaint should be reversed on the law, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

HAGARTY and DAVIS, JJ., concur; TAYLOR and CLOSE, JJ., dissent and vote to affirm, with memoranda.

TAYLOR, J. (dissenting). I dissent and vote to affirm. If we assume the validity of the agreement in the note to pay attorney's fees, those contemplated are the fees incurred by the holder of the note at maturity, and not those incurred by an indorser in the position of the plaintiff. *Cox* v. *Hagan* (125 Va. 656, 680), announcing a contrary doctrine, should not be followed.

CLOSE, J. (dissenting). I dissent and vote to affirm on the ground that the contract to pay the note and costs of collection is an indivisible contract to pay a certain sum of money. (Neg. Inst. Law, § 21, subd. 5.) It is alleged in the complaint that the plaintiff has prosecuted an action on the note to judgment. He is, therefore, barred from bringing another action on this same instrument. (*Silberstein* v. *Begun*, 232 N. Y. 319.)

Order and judgment dismissing the complaint reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. Defendants may serve their answer within ten days from the entry of the order hereon.