RICHARD J. MORRISON, PUBLIC ADMINISTRATOR OF THE CITY OF NEW YORK, AS ADMINISTRATOR OF THE GOODS, CHATTELS AND EFFECTS OF HARRY C. LOGAN, DECEASED, RESPONDENT, *v.* DOMINIQUE F. VERDINAL, APPELLANT.

*Usury — presumption against interest, from what date computed.*

In an action, brought upon a promissory note given by the defendant to the plaintiff's intestate for the sum of $4,082.59, the defendant alleged the taking of usury, upon the giving of such note, to the amount of thirty-seven dollars and fifty cents, as a defense to the action.

The defendant testified upon the trial that early in March, 1886, one Philip H. Vail, the clerk of Mr. Logan, the plaintiff's intestate, came to him with an old note of $3,000, which bore date the 28th day of May, 1880, whereby, on demand, the defendant promised to pay, to the order of himself, $3,000, and stated that Mr. Logan wanted a new note as this one was nearly outlawed. The witness told him that he would see Mr. Logan about it, and subsequently he saw Mr. Logan. After that Mr. Vail came with the note in suit, which the defendant signed and received back the old note. He also testified that the interest upon the old note, up to the time of the giving of the new note, was included in the new note at thirty-seven dollars and fifty cents in excess of the legal interest.

*Held,* that, although no legal obligation existed for the payment of such interest, the voluntary payment of such interest by the giving of the new note would not constitute usury, as the presumption was that the law was not violated in the transaction.

That all the presumptions in relation to the contract would be against the violation of the law, and that the defense of usury must be made out by proof rebutting the presumptions of innocence which would naturally arise.

That, as no evidence was given as to the transaction between Logan and the defendant out of which the note in suit arose, and there was none to show upon what ground the new note was increased to the extent it was, no ground was shown upon which a recovery upon the note could be resisted.

The judge directed that interest from the date of the note to the date of the trial should be included in the judgment.

*Held,* that as the note did not become due until demand was made, and as such demand was not made until after the death of Mr. Logan, he erred in so doing, and that interest upon the said note from its date to the time of the said demand should be stricken from the judgment.

APPEAL by the defendant from a judgment, entered in favor of the plaintiff, upon a verdict directed at the New York Circuit, in the office of the clerk of the county of New York on the 28th day of November, 1888.

*Albert A. Abbott,* for the appellant.

*Osborne E. Bright,* for the respondent.

Van Brunt, P. J.:

This action was brought to recover upon a promissory note given by the defendant to one Harry C. Logan, for the sum of $4,082.59. On or about the 16th of April, 1887, Logan died intestate, and letters of administration upon his estate having been duly issued to the public administrator, a demand was made for the payment of the note on the 15th of June, 1887, and this action was brought by him upon such note. The defense alleged the taking of usury upon the giving of such note to the amount of thirty-seven dollars and fifty cents. Upon the trial, the court having directed a verdict in favor of the plaintiff for the principal of said note, with interest from its date to the day of trial, from the judgment thereupon entered this appeal is taken.

The evidence in the case is brief. The plaintiff, to sustain the issues on his part, produced the note in suit. The defendant was then sworn as a witness upon his own behalf, and testified that he delivered the note to one Philip H. Vail, Mr. Logan, the payee's clerk; that Mr. Vail came to him early in March, 1886, with an old note of $3,000, which bore date the 28th of May, 1880, whereby, on demand, the defendant promised to pay to the order of himself $3,000, and stated that Mr. Logan wanted a new note as this was nearly outlawed. The witness told him that he would see Logan about it and he left. Subsequently the witness saw Logan, and after that Mr. Vail came with the note in suit, which defendant signed and received back the old note. The defendant testified that Vail did not give him any other consideration for signing the note, and, also, that the interest upon the old note to the time of the giving of the new note was thirty-seven dollars and fifty cents in excess of legal interest. The wife of the defendant was also sworn. She stated that she knew Logan, and that in the spring of 1886 he was at their house, and she said to him: " I understand you made the defendant give you a new note, and it has made me feel very blue ; was not the old note good enough ? " To which he replied, that she need not worry about it at all, that the old note was nearly outlawed, and that

the defendant was interested in so many mining matters that he might make a lot of money sometime and then he could pay, but that he should never trouble him about it ; and he said that if anything happened to him he wanted her and her husband to go to his rooms and take possession of everything and destroy all letters and pictures, and this note which he said she would find there. This is substantially all the evidence.

The question presented is, was usury made out? It may be conceded that where an excess of interest is intentionally taken, and is not done by mistake, that the contract becomes usurious, and the bargain becomes a corrupt and usurious bargain by the mere fact of the violation of the law, and that no active corrupt intent is necessary to be established. Where the law is violated the corrupt intent is necessarily inferred. As to the question of the interest upon the old note from the time of its date to the giving of the new note, although no legal obligation existed for the payment of such interest, yet still the voluntary payment of such interest by the giving of the new note would not constitute usury. The presumption is, of course, that in the transaction the law was not violated. There is no evidence whatever, and there could not possibly be, because Logan was dead, and the defendant could not be allowed to testify as to what took place between Logan and the defendant to show whether any additional money was loaned, and we have no evidence to show upon what ground the new note was increased to the extent in which we find it. There is nothing certainly in the case or the associations of the parties to show any intention on the part of Logan to exact a hard or a sharp bargain as against the defendant. Upon the contrary, the evidence would tend to prove that he was kindly disposed towards him, and was treating him with the greatest leniency. There is no presumption, therefore, that there was any intention upon his part to exact usurious interest upon the note to the paltry extent of thirty-seven dollars and fifty cents; and we have no reason to infer, from the nature of this transaction, that the addition to the old note consisted entirely of interest. It is just as probable, and, if we are to conjecture, seems to be more probable, that the increase in the note arose from additional accommodation rather than from the incorporating therein of excessive interest.

All the presumptions in relation to the contract would be against the violation of the law, and the defense of usury must be made out by proof rebutting innocent presumptions which would naturally arise; and if the proof is not of that character, the infraction of the law is not to be deemed proved. We think, therefore, that there being no evidence whatever as to the transaction between Logan and the defendant, out of which the note in suit arose, there can be no presumption of usury simply because the transaction originated in a request upon the part of Logan that an old debt might be renewed so as to take it out of the statute of limitations. There seems to be, therefore, no ground upon which a recovery upon the note in suit can be resisted.

The learned judge, however, included interest from the date of the note to the date of the trial. This was evidently error, because the note did not become due until demand was made, and such demand was not made until after the death of Mr. Logan, namely, on the 15th of June, 1887. As far as the record shows, the attention of the court was not called to this feature of the case; and it is evident, from the manner in which the record is made up, that had his attention been so called, the error would not have been committed.

The interest, therefore, upon said note from its date to the 15th of June, 1887, should be stricken from the judgment, and upon the respondent consenting to that reduction the judgment, as modified, should be affirmed, without costs.

BRADY and BARTLETT, JJ., concurred.

Judgment, as modified, affirmed, without costs.