(9 App. Div. 9)

## LORD v. CRONIN.

(Supreme Court, Appellate Division, Third Department. September 14, 1896.)

CONTRACTS—INTERPRETATION.

    A husband signed a writing reciting that his wife had loaned him a certain sum of money, and covenanting that, if he should die before her, the amount should be a charge on his estate, to be paid as a debt owing by him, and that certain real estate owned by him should be conveyed to her, but that, if she should die first, "then this agreement shall be of no effect." *Held,* that the husband, on surviving his wife, was not discharged from liability for the debt. Parker and Putnam, JJ., dissenting.

Appeal from circuit court, Rensselaer county.

Action by William Lord, as executor of the will of Martha A. Cronin, deceased, against John H. Cronin. From a judgment dismissing the complaint in pursuance of a verdict directed by the court in favor of defendant, plaintiff appeals. Reversed.

The action was to recover $8,000 alleged to have been loaned by Martha A. Cronin, deceased, to the defendant, her husband, May 2, 1892, upon defendant's promise to repay the same with interest upon demand. The plaintiff proved that the wife loaned her husband the $8,000, and thereupon the defendant executed and delivered to her the following instrument, and thereafter, and before the commencement of this action, the wife died. The plaintiff is her executor.

"This agreement, made this second day of May, in the year of our Lord one thousand eight hundred and ninety-two, between John H. Cronin and Martha A. Cronin, of the city of Troy, county of Rensselaer, and state of New York, witnesseth: That in consideration that my wife, Martha A. Cronin, has this day mortgaged certain premises of hers situated upon the northwest corner of Fulton and Mechanic streets, in said city of Troy, to Samuel P. McClellan, as executor of the will of Jane Calkins, deceased, for the sum of eight thousand dollars, at my request, and has loaned to me said sum so borrowed as aforesaid, now, in consideration thereof, I, John H. Cronin, husband of the said Martha A. Cronin, do hereby covenant and agree that if it shall occur to me to die before the decease of the said Martha A. Cronin, the said sum of eight thousand dollars so procured as aforesaid shall be a charge upon my estate, and shall be paid as a debt owing by me, I having become a party to the bond given upon such borrowing; and I further agree that in such case my executor or administrator or personal representatives shall convey to the said Martha A. Cronin, surviving me, all my one-half interest in the premises known by street numbers one hundred and seven Fourth street, and two thousand two hundred and sixty Fifth avenue, in the city of Troy, to have and to hold unto the said Martha A. Cronin, her heirs and assigns, forever. But if the said Martha A. Cronin shall not survive me, then this agreement shall be of no effect.

"In witness whereof, I, the said John H. Cronin, have hereunto set my hand and seal in duplicate this second day of May, 1892.

                         "J. H. Cronin. [L. S.]"

Argued before PARKER, P. J., and LANDON, HERRICK, PUT-NAM, and MERWIN. JJ.

Charles E. Patterson, for appellant.
Edwin Countryman, for respondent.

LANDON, J.   The wife made the loan to her husband, and she took from him this instrument, in which he promised, if she survived him, not only that she should be paid in full, but should be entitled "to all my one-half interest" in certain real estate.   The instrument further provided, "But, if the said Martha A. Cronin shall not survive me, then this agreement shall be of no effect;" that is to say, that she should not, in such case, be entitled to both payment and the land.   The instrument is evidence of the loan, and therefore of his indebtedness to her.   She did not sign the instrument.   She did not agree that in case he survived her the loan should be forgiven, and the right to payment renounced.   If that was her intention, it would have been easy to express it in the writing.   We cannot imply any such agreement upon her part.   Its omission from the writing may have been because its insertion was not requested, or, if requested, was refused.   The writing is the husband's, binding him to payment, and something more, if she survived, but binding neither if he survived.   It contains no waiver by the wife of her right to payment. By her prior decease the written agreement is made of "no effect," and the parties are remitted to such obligations and duties as the loan and its nonpayment imply.   We do not think the agreement usurious.   There is no certain agreement to pay excessive interest. Insurance Co. v. Dunham, 33 Hun, 415.

The judgment should be reversed, and a new trial ordered; costs to abide the event.

HERRICK and MERWIN, JJ., concur.   PARKER, P. J., and PUTNAM, J., dissent.