GOLDSMITH et al. v. ROSENBERG.

(Supreme Court, Appellate Term. May 24, 1912.)

Usury (§ 119*)—As Defense—Evidence.

In an action on a contract for the reassignment of a mortgage, evidence held sufficient to go to the jury on the question whether the contract was merely one for the repayment of money by defendant, so that an agreement to pay an additional sum, made by defendant in consideration of an extension of time, would render the contract usurious as a payment for forbearance to collect a sum of money due.

[Ed. Note.—For other cases, see Usury, Cent. Dig. §§ 343–357; Dec. Dig. § 119.*]

Appeal from City Court of New York, Trial Term.

Action by Ingomar Goldsmith and another against Julius Rosenberg. From a judgment for plaintiffs, defendant appeals. Reversed, and new trial granted.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued May term, 1912, before SEABURY, LEHMAN, and PAGE, JJ.

Cohen Bros., of New York City (Lawrence B. Cohen, of counsel), for appellant.

Saul S. Myers, of New York City, for respondents.

LEHMAN, J. The defendant's wife in 1907 assigned to the plaintiffs' assignor a mortgage bearing interest at the rate of 6 per cent. for $6,000 on property owned by her, and simultaneously with the assignment the defendant and his wife made an agreement to repurchase the mortgage one year thereafter for the sum of $6,000 and accrued interest. Some time after the expiration of that year, the defendant and his wife entered into a further agreement with the plaintiffs' assignor, whereby the defendant agreed to pay the sum of $200 in consideration of the extension of the terms of the agreement to repurchase until November 1, 1908. The plaintiff brings suit upon this agreement, and the defendant sets up as a defense that the agreement was usurious, in that it required him to pay $200 and 6 per cent. interest for the forbearance of the plaintiffs' assignor. The trial justice directed a verdict in favor of the plaintiff on the ground that the consideration was not for the forbearance of a loan, but was merely an extension of an agreement to repurchase.

While in form the original agreement was merely an agreement to repurchase a mortgage, the evidence adduced even by the plaintiffs is sufficient to show that, in fact, the agreement sued upon was an extension of time merely to pay a sum of money due to their assignor. The plaintiff himself testified:

"On or about the day the $6,000 became due, I served notice under the agreement on Dr. Rosenberg, demanding the money, but the money was not paid on the day it fell due under the original agreement."

Under such circumstances, in spite of the fact that the parties have continually denominated the agreement as an agreement for a reassignment, it was at least a question of fact whether or not in its essence it was an agreement merely for the payment of a sum of money, and whether or not the extension of that agreement was not a forbearance within the meaning of the statute.

Judgment should therefore be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.