WALTER D. WEBSTER, Appellant, *v.* JOSEPH F. ROE, Respondent.

Third Department, November 21, 1924.

Pleadings — action on promissory note — defense of usury — affirmative matter in reply which was ordered to be served was stricken out leaving denial only — order striking out affirmative matter in reply reversed.

In an action on a promissory note in which the defense of usury was interposed, an order striking out the affirmative matter in the reply which the plaintiff had been ordered to serve, leaving in the reply a denial only of the facts asserted in the answer, is reversed in order to restore the case to its proper state so that appropriate action may be taken for its expeditious disposal.

APPEAL by the plaintiff, Walter D. Webster, from an order of the Supreme Court, made at the Broome Special Term and entered in the office of the clerk of the county of Broome on the 16th day of April, 1924, striking out that part of plaintiff's reply in this action designated as " second."

*Merchant, Waite & Waite* [*T. B. Merchant* of counsel], for the appellant.

*Douglas V. Ashley,* for the respondent.

PER CURIAM:

The complaint set up a cause of action upon a promissory note. The answer alleged facts sufficient to render the note uncollectible on the ground of usury. The defendant obtained an order which without qualification required the plaintiff to reply to the affirmative matter set up. The plaintiff served a reply alleging such facts as he was able in order to avoid the defense of usury and to comply with the order. Thereupon the defendant, instead of applying for judgment on the pleadings because of the insufficiency of the reply, moved the court to strike out the very pleading which the court, at the instance of the defendant, had compelled the plaintiff to make. The court struck out all the affirmative matter, leaving in the reply a bare denial of the facts asserted in the answer. Thus the court framed a reply for the plaintiff leaving him with a denial which he might not have dared, of his own volition, to verify and serve. The plaintiff, not content with the advantageous position in which he had thus been placed, took this appeal. The defendant, not seeing that a reversal of the order and the reinstatement of a reply, would enable him to make, with probable success, a motion for judgment on the pleadings, resisted the appeal. If lawsuits were a game, in which mistaken plays should be held to conclude the principals of the players, we might be disposed to leave this case in the plight wherein the attorneys have placed it. We think, however, that we should exercise our powers of correction and restore the case to its proper state so that appropriate action may be taken whereby the case may be expeditiously disposed of. Certainly, the plaintiff, who asks it, cannot complain if we reverse the order. Accordingly it should be reversed and the motion denied.

All concur.

Order reversed on the law, without costs, and motion denied, without costs.