WALTER B. WEBSTER, Plaintiff, *v.* JOSEPH D. ROE, Defendant.

Supreme Court, Broome County, December 24, 1924.

Bills and notes — action on promissory note — defense of usury — reply set up joint venture — summary judgment — issues raised presented question for jury — summary judgment denied defendant.

In an action on a promissory note in which the defendant sets up the defense of usury based on an allegation that the face of the note is far more than the amount of money loaned, a reply interposed by direction of the court which sets up that the note was given in a transaction involving a joint venture in real estate, which reply must be taken as true for the purpose of an application by the defendant for summary judgment, raises an issue as to whether or not the original transaction was a loan or a joint venture, and, therefore, the defendant is not entitled to summary judgment.

MOTION by defendant for summary judgment on the pleadings in an action on a promissory note in which the defense of usury was interposed.

*Merchant, Waite & Waite* [*Frederick Collin* and *Thomas B. Merchant* of counsel], for the plaintiff.

*Douglas V. Ashley,* for the defendant.

RHODES, J.:

This is a motion for summary judgment on the pleadings. The complaint alleges a cause of action upon a promissory note. The answer sets up the defense of usury. After interposing his answer, defendant obtained an order requiring the plaintiff to serve a reply to the allegations setting up the defense of usury. Thereupon the plaintiff did serve a reply thereto. Defendant thereupon moved to strike out the reply upon the ground that it is " inconsistent

with the complaint in that the complaint sets forth an alleged cause of action at law upon a promissory note, whereas the reply sets forth an alleged cause of action in equity for a partnership accounting." He also moved that certain allegations of the reply be stricken out " on the ground that they are irrelevant, unnecessary, impertinent and scandalous." The motion was granted to the extent that the reply was stricken out except the part thereof consisting of a general denial of the new matter contained in the answer. Thereupon the plaintiff appealed to the Appellate Division (210 App. Div. 778) and that court ordered that the portion stricken out be restored to the reply. The Appellate Division in its opinion intimated that the remedy of the defendant was by a motion for judgment on the pleadings. Thereupon, upon the determination of such appeal, defendant has made this motion.

Defendant insists that the facts set up in plaintiff's reply establish as a matter of law that the transaction in question was usurious. It is, therefore, necessary to examine the allegations of the reply. It sets forth that on or about the 1st day of October, 1923, the defendant and a person named McKeage falsely and fraudulently represented and stated to the plaintiff that said McKeage needed the sum of $4,500 with which to close an important real estate deal in which said defendant was interested and whereby a profit could be made of at least $1,500 within five weeks; that if this plaintiff would join with them in said enterprise, and would advance such sum of $4,500 to consummate said deal, and allow said McKeage to handle the same, that the defendant and said McKeage would let the plaintiff come in with them on said deal and themselves advance the remaining moneys or credit necessary to consummate the same, and upon closing the deal would divide with the plaintiff and give him as his share of the prospective profits in such enterprise the sum of $500 and accrued interest to be added to the amount of such money to be contributed by plaintiff, and that a note for $5,000, representing the said $4,500 so to be contributed and said $500 prospective profits in such enterprise, payable November 5, 1923, with six per cent interest, would be made and delivered to the plaintiff by said McKeage and indorsed by the defendant, and that plaintiff might thereby share to that extent in such joint adventure and in the profits to be realized therefrom, as said deal would be consummated and said profit realized on or before said date, and would then be divided with this plaintiff as aforesaid by payment of such note, if the deal had then been completed as contemplated; that this plaintiff, believing said statements and representations to be true and relying thereon, and upon the urgent solicitation and request of said parties, agreed to join in said real

estate enterprise, and advanced the said sum of $4,500 in cash and agreed to share in the profits of said real estate transaction as aforesaid, and took said note of $5,000, dated November 1, 1923, upon said agreement and understanding.

The reply also contains similar allegations as to another note for $3,800, it being alleged that the plaintiff was to advance the sum of $3,500 and the note was to be made for $3,800, to include $300 profits on a real estate deal; that the notes referred to were renewed from time to time and finally merged into the note for $8,800 upon which this action is brought.

The defendant claims that the facts set forth clearly show that the plaintiff was to receive for a loan a greater sum than is permitted by law, and cites and relies upon the case of *Browne* v. *Vredenburgh* (43 N. Y. 195).

In that case it was found as a fact, after a trial of the issues, that the agreement there under consideration was for a loan to be made upon the condition that the lender should receive more than the rate of interest permitted by law. So also in the case of *Hungerford Brass & Copper Co.* v. *Brigham* (47 Misc. 240), cited by the defendant. There the decision was made after a trial and determination of the facts which established that the transaction between the parties was a loan.

In the case at bar the reply sets up the allegation that the transaction was not a loan, but was a joint venture, and the plaintiff, in support of his contention, cites the case of *Orvis* v. *Curtiss* (157 N. Y. 657). In that case it was held that a transaction somewhat similar to the one in the case at bar constituted a joint venture or partnership between the parties to deal in property in order to make a profit, and it was held that such an agreement was not within the statute relating to usury. (See, also, *Clemens* v. *Crane*, 234 Ill. 215; *Robbins* v. *Laswell*, 27 id. 365; *Crowson* v. *Cody*, 209 Ala. 674.)

It thus appears that the defendant, by his answer, claims the transaction to have been a loan by the plaintiff, while the plaintiff, by the express language of his reply, claims that it was not a loan, but that at the solicitation and request of the defendant and McKeage, plaintiff agreed to join in said real estate enterprise.

The issues thus raised present a question of fact, the determination of which is for the Trial Term and a jury, as to whether or not the agreement under which the money was advanced and the notes given was an agreement entered into on the part of the plaintiff in good faith to engage in a real estate enterprise, or whether the transaction consisted simply of a loan by the plaintiff upon usurious terms, attempted to be concealed by a fictitious transaction in

the nature of a joint venture. (*Sabine* v. *Paine,* 148 App. Div. 730; *Goldsmith* v. *Rosenberg,* 76 Misc. 526; *Frank* v. *Von Bayer,* 236 N. Y. 473.)

Upon this motion the allegations of plaintiff's reply must be taken as true. The reply denies that the transaction was a loan and affirmatively and expressly alleges that it consisted of an agreement to join in the enterprise alleged. The intent to take usury must be clearly established. (*Brown* v. *Robinson,* 224 N. Y. 301, and cases there cited.) The presumption is that the transaction was not usurious and the burden of proving usury rests upon the defendant. (*White* v. *Benjamin,* 138 N. Y. 623; *Morrison* v. *Verdinal,* 53 Hun, 63.)

It appears further by the reply that the payment to the plaintiff of the stipulated amount of his share of the profits was entirely contingent upon the closing of the real estate deal. It was not an absolute promise to pay the plaintiff the amount thereof. Unless the contingency happened, the defendant was not bound to pay, and this contingency was entirely within the control of the defendant. Such an agreement, therefore, would not be usurious. (*Sumner* v. *People,* 29 N. Y. 337; *Diehl* v. *Becker,* 227 id. 318; *Home Insurance Co.* v. *Dunham,* 33 Hun, 415; *Lord* v. *Cronin,* 9 App. Div. 9; *International Motor Co.* v. *Palmer,* 92 Misc. 214; *Spain* v. *Hamilton's Admr.,* 1 Wall. 604.)

The defendant's attorney called attention upon the argument of this motion to the statement in the opinion of the Appellate Division before referred to, suggesting that a reinstatement of the allegations of plaintiff's reply would enable defendant to make " with probable success, a motion for judgment on the pleadings." Notwithstanding such statement by the appellate court, it is manifest that it was obiter so far as this motion is concerned, otherwise it would be an attempt to determine in advance the result of this motion before a hearing thereon. The decisions of that eminent court command and merit implicit and respectful allegience and obedience. In the light, however, of controlling principles authoritatively laid down and established, it seems clear that the suggestion in the opinion referred to was inadvertent dictum. I, therefore, feel free to render the decision here made with full confidence that it will not be understood as implying any discourtesy for the appellate court, nor any disobedience to its authoritive mandate.

For the reasons stated, defendant's motion is denied, but inasmuch as defendant made the motion in good faith, apparently in reliance upon the suggestion referred to, the denial is without costs.