restrain the defendant from infringing plaintiff's trade mark and in engaging in unfair competition. Both were engaged in the manufacture and sale of bread in the city of New York and plaintiff contended that the wrappers used by defendant were so similar to those in use by the plaintiff as to constitute an infringement of its trade mark and unfair competition.

*E. W. Leavenworth* and *E. P. Warfield* for appellant.

*Samuel Seabury, George Trosk* and *Alexander Slater* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

WALTER D. WEBSTER, Appellant, *v.* JOSEPH F. ROE, Respondent.

*Bills, notes and checks — usury — action to recover on promissory note — usurious agreement.*

*Webster* v. *Roe*, 212 App. Div. 756, affirmed.

(Argued October 27, 1925; decided November 24, 1925.)

APPEAL from a judgment, entered May 23, 1925, upon an order of the Appellate Division of the Supreme Court in the third judicial department, which reversed an order of Special Term denying a motion by defendant for judgment on the pleadings and directed a dismissal of the complaint. The complaint set up the making of a promissory note for $8,800 by Erma S. McKeage and B. F. McKeage on November 21, 1923; the indorsement of the note for value by the defendant Roe; the delivery of the note for value to the plaintiff; the non-payment of the note at maturity. It demanded judgment for the principal sum of the note with interest. The answer set up that the note sued upon was given in renewal of two notes made by B. F. McKeage and indorsed by the defendant; that the first note, dated October 1, 1923, was for $5,000; that the second note, dated November 16, 1923, was for $3,800; that the consideration for the first note was a loan of $4,500 made by plaintiff to B. F. McKeage; that

the consideration for the second note was a loan of $3,500 to B. F. McKeage; that the notes evidenced a usurious agreement and that the note in suit was void. By the reply the plaintiff admitted that the transaction constituted loans of money accompanied by promises of repayment, though they were alleged, in the complaint, to be joint ventures, and the bonus profits.

*Frederick Collin* and *Thomas B. Merchant* for appellant.
*Douglas V. Ashley* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.; HISCOCK, Ch. J., CARDOZO and LEHMAN, JJ., concur on ground that plaintiff under complaint and reply cannot recover on note.

PAULINE SHINDLER, as Administratrix of the Estate of BENJAMIN SHINDLER, Deceased, Respondent, *v.* SULLIVAN COUNTY LIGHT AND POWER CORPORATION, Appellant.

*Negligence — electricity — death from contact with wire heavily charged with electricity — contributory negligence.*

*Shindler* v. *Sullivan Co. L. & P. Corp.*, 213 App. Div. 71, affirmed.
(Argued October 27, 1925; decided November 24, 1925.)

APPEAL from a judgment, entered May 21, 1925, upon an order of the Appellate Division of the Supreme Court in the third judicial department, which reversed an order of the court at a Trial Term setting aside a verdict in favor of plaintiff and directing a dismissal of the complaint and reinstated said verdict in an action to recover for the death of plaintiff's intestate alleged to have been occasioned through the negligence of defendant. A bell wire ran between two houses, being suspended by a crotch in the branch of a tree midway between them; defendant's primary wire carrying 2,200 volts passed nearly at right angles to this wire. During a storm the wires came in contact, causing the bell wire to become heavily charged and to spark and flame and set fire to the tree where it was suspended. Plaintiff's intestate