WALTER D. WEBSTER, Plaintiff, *v.* JOSEPH F. ROE, Defendant.

Supreme Court, Broome County, March 24, 1926.

Costs — Appellate Division — order of Appellate Division reversing order denying motion for judgment on pleadings, " with costs "— under Civil Practice Act, § 476, such order construed as judgment for purposes of taxation of costs — plaintiff not limited by Civil Practice Act, § 1505 — plaintiff entitled to tax costs and disbursements under Civil Practice Act, §§ 1508 and 1518, as on appeal from judgment — action on promissory note in which defense of usury introduced — provision in proposed order after reversal in Appellate Division before order was signed that note be surrendered and canceled and restraining further action will not be reinstated in order for judgment pursuant to remittitur of Court of Appeals — said provision cannot, under General Business Law, § 373, properly be inserted in order in action at law.

An order of the Appellate Division, affirmed by the Court of Appeals, which reversed, "with costs," an order of the Special Term of the Supreme Court and granted judgment to the defendant on the pleadings and dismissed the complaint in an action on a promissory note in which the defense of usury was introduced is, under section 476 of the Civil Practice Act, a judgment for the purposes of taxation of the costs on appeal and, therefore, the defendant on motion for judgment on remittitur from Court of Appeals is entitled to costs and disbursements under sections 1508 and 1518 of the Civil Practice Act and is not limited by section 1505 of said statute to motion costs of ten dollars in addition to disbursements.

Accordingly, defendant is entitled to include in a bill of costs the following items: Appeal to Appellate Division before argument, $20; appeal to Appellate Division for argument, $40; for printing record, $37.85; for printing points, $35.70.

However, a provision in the proposed order on reversal by the Appellate Division declaring the note, of which a recital was made in the complaint, to be void, and that the plaintiff be directed to surrender said note to be canceled, and delivered to the defendant and the plaintiff be enjoined from enforcing said note by any means whatsoever, which was stricken from said order before it was signed, will not be included in the order directing judgment on the remittitur of the Court of Appeals, which affirmed the judgment of the Appellate Division, for the reason that under section 373 of the General Business Law, construed in the light of other sections of the law, such a provision in the order is applicable only to proceedings in equity and, therefore, the right to the surrender and cancellation of the note and an order enjoining any further action thereon in behalf of the plaintiff is not available to the defendant.

MOTION by defendant for judgment on remittitur from Court of Appeals involving taxation of costs.

*Merchant, White & Waite,* for the plaintiff. .

*Douglas V. Ashley,* for the defendant.

RHODES, J.  Plaintiff heretofore brought an action on a note. Defendant interposed an answer setting up the defense of usury, and procured an order of this court directing the plaintiff to serve a reply to such defense.  Pursuant thereto plaintiff served a reply. Without enumerating all of the various steps taken by the respective parties, it is sufficient to say that thereafter the defendant moved at Special Term for judgment on the pleadings, which motion was denied (124 Misc. 110), whereupon defendant appealed to the Appellate Division from the order denying defendant's motion and the Appellate Division reversed said order (212 App. Div. 756); whereupon plaintiff appealed to the Court of Appeals from said judgment of reversal and the order upon which the same was based. The Court of Appeals affirmed the same (241 N. Y. 570) and the defendant now moves for an order directing judgment on the remittitur.  In connection therewith defendant asks that the costs, as heretofore taxed after the decision of the appeal to the Appellate Division, be retaxed.

The order of the Appellate Division reversing the order of the Special Term recited "that said order entered in this action in the office of the Clerk of the County of Broome on the 24th day of December, 1924, be and the same hereby is in all things reversed on the law, and complaint dismissed with costs."  Defendant's costs were taxed on the 23d day of May, 1925.  Upon a retaxation thereof on the 26th day of May, 1925, plaintiff objected to four items in the bill of costs, being " Appeal to Appellate Division . before argument, $20; appeal to Appellate Division for argument, $40; for printing record, $37.85; for printing points, $35.70; " and the clerk thereupon struck out said items.

Defendant now moves that said items be retaxed and allowed to him.  Plaintiff objects thereto.  It will be noted that the Appellate Division reversed the Special Term, " with costs."  Under the former Code of Civil Procedure a reversal by the General Term of a final judgment dismissing a complaint, with costs, included all costs taxable in the Trial Term and General Term.  (See *Schoonmaker* v. *Bonnie,* 51 Hun, 34.)  So far as I have discovered, no change has been brought about by the Civil Practice Act, or by the decisions as to the legal effect of such language awarding costs. Therefore, when the Appellate Division reversed the order and dismissed the complaint, with costs, such language must be under-

stood to mean costs in both the Special Term and Appellate Division.

But the plaintiff claims that even if the defendant is entitled to costs, he is not entitled to the items of costs in the Appellate Division, before argument, twenty dollars, and for argument, forty dollars, specified in section 1508 of the Civil Practice Act, arguing that the proceeding at Special Term was a motion and that motion costs cannot exceed the sum of ten dollars beside disbursements, as provided by section 1505 of the Civil Practice Act, his argument being further that these items, twenty dollars and forty dollars, in section 1508, are only allowed on appeal to the Appellate Division from an interlocutory or final judgment, and that the order herein is not such a judgment as is contemplated by the section. It seems to me, however, that the order in question is to be construed as a judgment for the purposes of the taxation of costs herein. Section 476 of the Civil Practice Act provides that a " *judgment* may be rendered by the court in favor of any party or parties, and against any party or parties at any stage of an action or appeal, if warranted by the pleadings * * *." Rules 106, 107, 110, 113 and 114 permit a moving party to have *judgment* on the pleadings in a proper case upon his making a *motion* therefor. Here the defendant moved for *judgment* on the pleadings and it has been determined on appeal that he is entitled thereto. Furthermore, on the order of the Appellate Division a judgment was entered and now on the remittitur defendant asks for an order directing *judgment*. Such determination is final; in other words, it is a final judgment.

I think, therefore, that the defendant is entitled to tax the said items of costs in the Appellate Division, upon the theory that the determination here is in effect a final judgment.

Defendant further claims that he is entitled to items of disbursement on appeal to the Appellate Division, being for printing record, thirty-seven dollars and eighty-five cents, and for printing points, thirty-five dollars and seventy cents. Section 1518 of the Civil Practice Act provides that a party to whom costs are *awarded* is entitled to include in his bill of costs his necessary disbursements as follows: " 6. The reasonable expense of printing the papers for a hearing, when required by a rule of the court." The Appellate Division having *awarded* costs, the defendant's said disbursements are authorized by said section because the record and points are required by the rules of the court to be printed. Defendant is, therefore, entitled to such items as a part of his costs and disbursements.

Defendant also asks that the order for judgment herein, pursuant to the remittitur, include a provision declaring the said note

mentioned in the complaint to be void and that it direct the plaintiff to surrender said note to be canceled and delivered to the defendant herein and that plaintiff be enjoined from enforcing said note by any means or in any way whatsoever. Plaintiff opposes including any such clauses in the order for judgment, and objects to the granting of any such relief, claiming that the defendant is not entitled thereto. It appears that after the decision of the Appellate Division was announced herein, defendant submitted a proposed order containing a provision directing the cancellation and surrender of the note, but this clause was stricken from the order before it was signed. Defendant now argues that the action of the Appellate Division in striking the said clause from its proposed order of reversal is not an indication that the defendant is not entitled to the relief sought, but insists that upon the reversal of the order defendant's right to the cancellation of the note follows as a matter of law by virtue of the fact that the defendant in his answer demanded such relief, and because of the provisions of section 373 of the General Business Law. Defendant contends that such a provision in the proposed order would not be contrary to the terms of the order of the Appellate Division and of the remittitur of the Court of Appeals affirming said order, but that it is contemplated thereby.

Plaintiff insists that the order of reversal of the Appellate Division and the remittitur affirming the same do not expressly grant such relief, and that, therefore, it is not authorized nor contemplated; that this court is powerless to do more than to carry out the command of the remittitur, the terms of which cannot be enlarged nor deviated from.

If it be assumed that this court is authorized to award relief to which defendant might be legally entitled, although not expressly set forth in the remittitur, and that such relief follows as a matter of course, and as a legal right, contemplated by the remittitur, I do not think that the defendant is entitled to the relief demanded here. The last paragraph of section 373 of the General Business Law is as follows: " Whenever it shall satisfactorily appear by the admissions of the defendant, or by proof, that any bond, bill, note, assurance, pledge, conveyance, contract, security or any evidence of debt, has been taken or received in violation of the foregoing provisions, the court shall declare the same to be void, and enjoin any prosecution thereon, and order the same to be surrendered and canceled."

The usury laws of this State have existed in substantially their present form since the adoption of the Revised Statutes in 1827 and 1828, with the amendment contained in chapter 430 of the Laws of 1837. By the provisions of said statutes a *borrower* was

permitted, where entitled so to do, to file a bill in chancery for relief or discovery, or both, against any violation of the provisions of such usury laws, and in such action the defendant was compelled to testify as to the facts claimed. Section 5 of chapter 430 of the Laws of 1837 had to do with such an action, and was substantially the same as the second subdivision of section 373 of the General Business Law, above quoted, except that section 5 provided that the *Court of Chancery* shall declare the usurious instrument void, whereas the present section provides that *the court* shall declare the same void. It was on a bill filed in equity by a borrower against a usurious lender that the court might declare the usurious instrument void and order the cancellation and surrender. This is borne out by the wording of the section itself, which provides that such relief may be granted " whenever it shall satisfactorily appear by the *admissions* of the *defendant,* or by proof  \*  \*  \* " that the instrument is void. In *Allerton* v. *Belden* (49 N. Y. 373) the plaintiff, an accommodation indorser of an alleged usurious note, brought an action in equity demanding that said note be declared void. The court held that the plaintiff therein was not entitled to relief in equity for the reason that he had a perfect defense at law and that no fact was stated showing any necessity for the interposition of a court of equity. The court further said:

" The mere fact that a party has made an agreement or given a security which is void for usury, is not, and never was, sufficient to entitle him to apply to a court of equity to have the contract annulled. The right to this relief exists only where from the form of the security the defence cannot be made available at law, or where the instrument sought to be avoided is a cloud upon the title to land, or some other necessity for the interposition of a court of equity is shown. The most usual ground for going into equity in such cases formerly was the necessity for a discovery, to prove the usury.

" Bills of discovery being now abolished, some ground which formerly would have justified the filing of a bill for relief must appear in the complaint, or it shows no right of action. [*Livingston* v. *Harris,* 11 Wend. 336; *Minturn* v. *Farmers' Loan & Trust Co.,* 3 N. Y. 498.] The act of 1837 does not authorize the institution of an action in equity to annul a contract or instrument for usury, in any case in which such an action could not have been maintained before the passage of that act. It merely changes the terms upon which the borrower may obtain relief in a proper case.  \*  \*  \* If he is apprehensive that his witnesses may die, he may perpetuate their testimony under the provisions of the Revised Statutes. If the danger of the death of witnesses were a sufficient

ground for an action for relief, every case of usury where the lender has not sued at law may be brought by the borrower into a court of equity. No authority has been cited sustaining an equitable action on such grounds; but on the contrary, it has been uniformly held, that where a perfect remedy, both as to the discovery and relief, can be had at law, an action in equity cannot be maintained, and that this objection is available on demurrer."

It seems to me that the provisions of section 373 of the General Business Law must be read and construed in the light of the provisions of the other sections of the law; that they are only applicable to the proceeding in equity there contemplated, and in the form there contemplated, and that the right to the surrender and cancellation of the note is not available to the defendant here.

The defendant's motion for an order directing a surrender and cancellation of the note, and enjoining any further action thereon in behalf of plaintiff is, therefore, denied.

The application of the defendant for an order allowing him the items of costs and disbursements which were stricken from his bill of costs on retaxation is hereby granted, together with an order for judgment on the remittitur. This determination is without costs of the motion to either party.