## (January 29, 1968)

■ GERHARD BALK et al., Respondents, v. IVOR FRANK et al., Appellants.— In an action to declare void and to cancel for usury a mortgage on plaintiffs' property, defendants appeal from (1) a decision of the Supreme Court, Nassau County, dated April 26, 1967, denying defendants' motion to dismiss the complaint and for summary judgment and granting plaintiffs' request for summary judgment in their favor and (2) a judgment of said court made accordingly on May 5, 1967. Judgment reversed, on the law, without costs, and motions denied. No questions of fact were considered on this appeal. In our opinion, the following triable issues of fact are presented: (1) whether the loan was made to the individual plaintiffs or to 164 Abbey Cleaners, Inc.; and (2) if the loan was made to the corporation, whether it was "wilfully and knowingly" made at a rate exceeding 25% per annum within the meaning of the applicable statutes (Penal Law, § 2401; General Obligations Law, § 5-521, subd. 3; see, Morrison v. Verdinal, 53 Hun 63, 65, affd. sub nom. Lydecker v. Verdinal, 126 N. Y. 630; American Sur. Co. of N. Y. v. Sullivan, 7 F. 2d 605, 606). Appeal dismissed insofar as it is from the decision, without costs. No appeal lies from a decision. Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Martuscello, JJ., concur.

■ CLEMENT W. CASEY et al., Respondents, v. BENJAMIN WERNIKOFF, Appellant, et al., Defendants.— Appeal from so much of an order of the Supreme Court, Suffolk County, dated May 1, 1967, as denied a motion for summary judgment, dismissing the complaint, insofar as the motion was made by appellant. Order reversed insofar as appealed from, without costs, and motion as to appellant remanded to the Special Term for further proceedings not inconsistent herewith. A hearing should be held, at which the process server may be cross-examined, as to whether he had exercised due diligence in attempting to effectuate personal service of the summons and complaint upon appellant. Beldock, P. J., Christ, Rabin, Hopkins and Munder, JJ., concur.