MORRIS PLAN COMPANY OF NEW YORK, Plaintiff, *v.* SARAH N. OSNATO et al., Defendants.

Supreme Court, New York Special Term, April 19, 1924.

Bills and notes — action on promissory note for $2,500 given by three defendants as collateral security for installment investment certificate issued by plaintiff, an investment bank, pursuant to Banking Law, § 293, subd. 4, as amended — note became payable upon default in payment of weekly installments due on certificate — default on installments made after $1,050 had been paid — plaintiff's motion for summary judgment for full amount of note denied where answer alleges and proof indicates partial payment — motion granted to extent of awarding judgment for balance due — interest should be allowed borrower on payments.

In an action on a promissory note for $2,500 given by three defendants as collateral security to the plaintiff, an investment bank operating pursuant to the Banking Law, section 293, subdivision 4 (as amd. by Laws of 1920, chap. 721), for a so-called installment investment certificate issued by it, a motion for summary judgment for the full amount of the note will be denied and granted to the extent of awarding judgment for the balance due on the note, where it appears that according to the provisions of the investment certificate the note became due and payable immediately in the event any one of the installments was not paid; that one of the defendants made default after having paid $1,050 on the note; and that the answer put in by one of the defendants interposes the defense that the note had been partly paid.

*It seems,* that such an investment bank, being permitted to deduct in advance the interest on the full amount of the loan, should give to the borrower credit for interest on the weekly or monthly payments as they are made.

MOTION by the plaintiff for summary judgment in an action on a promissory note.

*Harold H. Kissam,* for the plaintiff.

*William Karlin,* for the defendant Karl Gottfried.

LYDON, J. This a motion for summary judgment under rule 113 of the Rules of Civil Practice. The action is on a promissory note made by the three defendants. At the time of the execution of the said note the defendant Sarah N. Osnato borrowed $2,500

from the plaintiff, and the two other defendants signed the said note as comakers for the accommodation of the defendant Osnato.

The plaintiff, under the special provisions of subdivision 4, section 293 of the Banking Law (as amended by Laws of 1920, chap. 721), was authorized " to deduct interest in advance on loans at the rate of six per centum per annum, provided such loans are secured by assignments of choses in action or *other evidences of indebtedness issued by it* and to be paid for in uniform monthly or weekly installments." (Italics mine.) The plaintiff, when making this loan, in order to bring itself within the said provisions of the Banking Law, compelled the defendant Osnato to purchase a so-called installment investment certificate issued by the *plaintiff* in the sum of $2,500, the amount of the loan, to be paid for in uniform weekly installments of $50 each. Then the plaintiff accepted this certificate as collateral security for the note indebtedness. According to the writing on the certificate offered in evidence, plaintiff's Exhibit 2, there has been paid against said certificate twenty-one payments of $50 each, or a total sum of $1,050. The defendant Osnato made default in the payment of the weekly installments due on said certificate, and according to the provisions of the note sued upon it was to become due and payable immediately, in the event any one of the payments were not made on the installment certificate. In the present motion the plaintiff asks for judgment for the full amount of the note, to wit, $2,500, as prayed for in the complaint. The answer put in by one of the defendants interposes the defense that the note has been partly paid. This fact is established by the certificate itself, which shows payments in the sum of $1,050.

It is urged by the plaintiff that it is entitled to judgment for the full amount of the note, notwithstanding the payments already made, and relies upon the case of *Morris Plan Company of New York* v. *Cohen*, 164 N. Y. Supp. 162, which holds that in a case like this, because the contract between the parties is one permitted under the statute, the plaintiff is entitled to judgment for the full amount of the note, irrespective of the payments made on account of the certificate, and that relief from the enforcement of such a contract cannot be obtained from the courts, but the remedy, if one is needed, must come from the legislature. I regret that I cannot agree with the learned Appellate Term in its decision in the case just cited, and must refuse to follow it, especially so as the present motion is brought on in the equity part of the court, where I am permitted to brush aside the form and get at the substance. Directing myself to a consideration of the proposition from that angle I cannot escape the conclusion that the plaintiff in this action

loaned the money on the note and nothing else, notwithstanding the intricate machinery devised by it to lend atmosphere to the transaction and bring itself within the statutory requirements. The plaintiff has received payments on account of this note in the sum of $1,050, irrespective of any contract, device or scheme that it may have invented so as to bring itself within the provisions of the Banking Law.

In my opinion the so-called installment investment certificate is nothing but a cloak for the plaintiff to hide behind, and certainly it cannot be said that the plaintiff comes into court with " clean hands " when it asks a court of equity to give it judgment for the full amount of the note, disregarding the installment payments on the certificate. Such a contention is absurd, and should not be tolerated. In these money lending transactions it is always the poor and unfortunate who are obliged to seek out the money lender, and in their dire circumstances are obliged to accept whatever terms are imposed. It would appear that the statute gives the plaintiff the right to deduct the full amount of the interest on the entire loan in advance, thus compelling the penniless borrower to pay interest on a portion of the loan that never came into his hands, and in addition to that the borrower immediately starts to make his weekly payments on which interest has been charged, but no credit is given to him in the way of interest. It will, therefore, be seen that the plaintiff in the final analysis receives a great deal more than the legal rate of six per cent per annum, but, evidently not satisfied with this, they desire to mulct the makers of the note for extra costs when default is made in payment and suit instituted.

By permitting the money lender to recover on the full amount of the note, disregarding all the payments made thereon, it will readily be seen that a recovery for the said full amount will carry with it court costs based on said amount, whereas, if the payments were deducted and a recovery only permitted for the balance actually due, it may well be that the costs, in some instances, would be materially reduced, and in some cases where the balance is small no costs at all would be allowed. This is true especially in the Municipal Court, where most of these actions are brought, and in that court the costs are rated according to the amount of recovery. Since the plaintiff in this case is operating under the Banking Law, and is also generally presumed to be a *quasi* charitable institution, organized for the purpose of loaning money to the needy, it appears to me, in view of the fact that by statutory privilege it is permitted to deduct in advance the interest on the full amount of the loan, it should, on the other hand, give to the borrower credit for interest on the weekly or monthly payments as they are made, and thereby

keep itself honestly and squarely within the legal rate of interest of six per cent per annum. In addition to this, it should show a spirit of fair dealing by instituting suits upon defaults in payment for the balance due on the indebtedness, and not for the full amount of the note.

It naturally follows from the foregoing that it would be contrary to my sense of justice to give judgment to the plaintiff for the full amount of the note, as credit should be given for the payments made, and, therefore, the motion is granted to the extent of awarding judgment to the plaintiff in the sum of $1,450, which is arrived at by deducting the sum of $1,050 from the amount of the note of $2,500. Settle order on notice.

The note sued upon and the certificate, marked plaintiff's Exhibits 1 and 2, are directed to be filed in the office of the county clerk pursuant to rule III, Special Term, etc.

Judgment accordingly.