MORRIS PLAN COMPANY OF BUFFALO, Plaintiff, *v.* HENRY HAYES and Others, Defendants.*

City Court of Buffalo, January 30, 1929.

*Joseph C. Baecher* and *Charles P. Penney,* for the plaintiff.

*Charles Oishei,* for the defendants Oishei and Henry Hayes.

*Daetsch, Paul & Lesswing,* for the defendant Falk.

* Affd., Erie Co. Special Term, April 5, 1929, opinion per NOONAN, J.

HAGER, J. The facts in this case were stipulated by the parties. It was conceded that the defendants signed a note for $600 (Plaintiff's Exhibit No. 1) for twelve months; that Henry Hayes, one of the defendants, who received the money in the transaction, also signed what is called an installment investment certificate of the Morris Plan Company of Buffalo (Plaintiff's Exhibit No. 2), the terms and conditions being set out in Exhibit No. 2. This installment investment certificate was given as collateral security for the $600 note.

The question most important to this action is raised by the defendants, who contend that this collateral is merely a subterfuge to avoid the usury law. The plaintiff deducted fees and interest amounting to the sum of $44.50 from the note, and paid to the defendant Hayes, when he signed the note, the balance of $555.50. The defendants have defaulted in payments due under the certificate (Exhibit No. 2). The defendants contend that the fees are excessive and usurious.

The plaintiff operates under the Banking Law (Art. 7), and is within the statute in receiving the fees of which complaint is made. It is also within the law in deducting interest in advance. I am of the opinion that the plaintiff is also within the statute as to the legality of the installment investment certificate.

Section 293, subdivision 1, of the Banking Law (as amd. by Laws of 1929, chap. 327)* gives an investment company broad powers: " General Powers. In addition to the powers conferred by the general and stock corporation laws, an investment company shall, subject to the restrictions and limitations contained in this article, have the following powers: 1. To sell, offer for sale or negotiate bonds or notes secured by deed of trust or mortgages on real property situated in this state or outside of this state, or choses in action owned, issued, negotiated or guaranteed by it; to advance money upon the security of such bonds, notes or choses in action; to purchase or otherwise acquire such bonds, notes or choses in action and to pledge them to secure the payment of collateral trust bonds or notes; to sell or otherwise negotiate such collateral trust bonds or notes   *   *   *."

The installment investment certificate was issued to Hayes, defendant; he signed and accepted its terms and conditions, and it became valuable as soon as this was done. It may be called a subterfuge, a cloak, or whatever you will, but the law gives an investment company the power to issue such choses in action and to advance money upon such security. If Hayes had not purchased

---

* Repealed by Laws of 1931, chap. 490, § 4. See Laws of 1931, chap. 490, § 3, in effect September 1, 1931.— [REP.

the certificate, he could not have obtained a loan upon it. This was the only way he obtained the loan.

In *Morris Plan Co. of New York* v. *Osnato* (123 Misc. 428) the legality of such transactions was considered by the Special Term of New York, and judgment was rendered in favor of the plaintiff for the balance due on the note in question.

In the case of *Commercial Investment Trust, Inc.,* v. *Eskew* (126 Misc. 114, 117) the court upheld the penalty clauses in agreements of this character, and said: " It is the defaulting party who penalizes himself by his failure to fulfill his primary agreement." I am of the opinion that the transaction was legal and not usurious.

Judgment in favor of the plaintiff and against the defendants in the sum of $697.50, with costs.