PEOPLES LOAN AND INVESTMENT COMPANY, Plaintiff, *v.* SAM SINGER and Others, Defendants.

Municipal Court of New York, Borough of Manhattan, Ninth District, June 4, 1931.

*Arthur G. Frank,* for the plaintiff.

*Feingold & Atlas,* for the defendant La Valle.

DAVID C. LEWIS, J. The plaintiff operates as an investment company organized under the Banking Law of the State of New York, making loans to borrowers upon a promissory note payable fifty-two weeks after date, signed by the borrower with certain comakers. At the time that the borrower secures his loan, he applies for an installment investment certificate issued by the plaintiff in a sum equal to the face amount of the note, agreeing in his subscription to pay such sum in monthly installments, so that when the note matures an amount sufficient to meet it shall have accumulated through the payments on the installment certificate. At the same time that the application for an installment certificate is signed, the so-called certificate is apparently issued and simultaneously assigned by the owner (the borrower) to the investment company together with all payments now or thereafter made as security and collateral for the loan being made.

In the regular course of the plaintiff's business, one Sam Singer by application dated the 11th day of March, 1930, applied for a loan of $300, payable in weekly installments, offering a note signed by himself and comakers. In conjunction with the said application the plaintiff delivered to the defendant a collateral note in the principal sum of said $300, dated March 11, 1930, and payable fifty-two weeks after date, signed by the said Sam Singer with three comakers, including the defendant La Valle.

This collateral promissory note is in the usual form of a collateral note used by investment companies and specifically recites the simultaneous deposit with the plaintiff, as collateral security, of an installment certificate of the said corporation. Concurrently with the execution of the application and the delivery of the note, the said Sam Singer delivered to the plaintiff his subscription for an installment investment certificate of $300, which subscription contains an assignment to the plaintiff of the said installment investment certificate together with all payments made or thereafter made. This subscription and assignment of the certificate appears below what purports to be an installment investment certificate of the plaintiff in the principal sum of $300, reciting that the undersigned subscriber is the owner subject to the conditions contained in such installment investment certificate in an amount entered on the reverse side thereof.

On the reverse side of the said certificate there are printed columns indicating amount due, and the date paid, and a summary statement as follows: " Date, March 11, 1930; loan, $300; payment, $25; class, monthly."

Referring to the column headed " date," it appears that the first payment was due April eleventh and was paid April fifteenth, in the sum of twenty-five dollars; and that the second and only other payment was due May eleventh and paid June fourth, in the sum of twenty-five dollars, with charges of one dollar and twenty-five cents.

The plaintiff now brings this action seeking to recover the sum of $252.50 due on said note, having credited the payments made on the certificate.

The defendant, one of the comakers, now being sued upon the note, attacks the transaction on the ground that the so-called investment certificate, issued without any cash consideration being paid therefor at the time, does not constitute security by way of an assignment of a chose in action or other evidence of indebtedness issued by the company, within the meaning of subdivision 4 of section 293 of the Banking Law (as amd. by Laws of 1915, chap. 139).

While there does not appear to be any available record revealing with certainty and completeness the history of this legislation, the practice followed and judicial precedent warrant the premise that the law was conceived in the hope of fostering thrift and providing the small and humble borrower with an opportunity to secure a loan, at the same time obligating him to save a given amount weekly or monthly to insure his ability to faithfully meet his obligation at maturity.

The courts have had occasion to familiarize themselves with this mode of business; and transactions along these lines by investment companies have received their sanction if not their indorsement. (*Morris Plan Co.* v. *Osnato,* 123 Misc. 428; *Morris Plan Co.* v. *Cohen,* 164 N. Y. Supp. 162.)

" The loans were made upon promissory notes running for one year, bearing interest at six per cent per annum, which interest relator exacted in advance, and to secure which notes the borrower in each case assigned to the relator a contract, called an installment investment certificate, issued by relator to the borrower at the time of the loan, and by which the borrower agreed to pay relator weekly or monthly sums sufficient to pay the note at maturity. The installment investment certificate taken out by such borrower at the time of the loan *had no value other than the agreement of the borrower to pay the amount of the loan in weekly or monthly installments.* \* \* \* *First,* the money is loaned in small amounts to be paid back in one year in monthly installments. As six per cent is deducted at the time of the loan, additional interest is made on the monthly installments that are paid into the company by reinvestment." (See *People ex rel. Morris Plan* v. *Burke,* 253 N. Y. 85, at pp. 89, 90, 91.) (Italics mine.)

One finds it difficult to appreciate how an investment company can issue an evidence of indebtedness for moneys which it does not owe and how a so-called installment certificate, which has " no value other than the agreement of the borrower to pay the amount of his loan," can be considered additional security for the loan, yet one is forced to the conclusion that such procedure is a sufficient compliance with the statute to save and sustain the transaction.

Inconsistent as it seems, that investment companies intrusted with the care and custody of savings and calculated to promote thrift, should be permitted (particularly in this day) to issue a certificate of investment or of indebtedness and to treat the same as security for a loan, when it has not actually received the principal purported to be covered by such a certificate, but has only procured an application to pay for such a certificate, the court is unable to find authority that would warrant the disturbance of an established practice, which has apparently received judicial sanction.

I can see no alternative in the instant case but to follow along the beaten trail, leaving it either to the Legislature or the higher courts to lay down a different rule from those heretofore indicated.

The court finds adversely as to the other defenses raised and directs judgment in favor of the plaintiff.

Ten days' stay.