THE MORRIS PLAN COMPANY OF BUFFALO, Plaintiff, *v.* HAROLD WILLIAM WHITE and Others, Defendants.

City Court of Buffalo, June 12, 1931.

*Penney & Penney* [*Alfred A. Buerger* of counsel], for the plaintiff.

*Adon W. Crosby,* for the defendant Nathaniel Readling.

WEISS, J.   This action was brought by the plaintiff to recover judgment against the defendant Readling (no summons having been served upon the defendants White and the action as against the defendant Tripi having been discontinued by stipulation) for the amount, together with certain additional sums hereinafter considered of a promissory note.

The plaintiff is an investment company organized and existing under article VII of the Banking Law, exercising certain of the

powers specified in section 293 (as amd.; since repealed and re-enacted in § 292 by Laws of 1931, chap. 490) of that law. The general plan of its loaning operations is that an intending borrower, together with one or more comakers, makes and delivers to the plaintiff their joint and several promissory note for the amount of the loan, payable at a definite period after date. As collateral security therefor the borrower subscribes for, and assigns to the plaintiff, an installment investment certificate issued by the plaintiff, referred to in and of the same face amount as the note. By the terms of the certificate the borrower agrees to make specific monthly or weekly installment payments thereon in such amounts that, if the payments are made, an amount equal to the face amount of the note will have been paid upon the certificate at the maturity of the note.

In this case the defendant Harold William White was the borrower. He and the defendant Readling made and delivered to the plaintiff their joint and several promissory note for $200, dated May 31, 1930, and due twelve months after date. No attempt has been made by the plaintiff to prove the genuineness of the signatures, appearing on the note, of the defendants Myrtle White and Philip Tripi, the latter of whom, when called by the defendant Readling, denied signing the same. Prior to the making of the loan the defendant White subscribed for and assigned to the plaintiff an installment investment certificate of the plaintiff of the face amount of $200, by the terms of which he agreed to make to the plaintiff thereon eleven installment payments of $17 each on the last days of June, 1930, to April, 1931, both inclusive, and a twelfth payment of $13 on the last day of May, 1931. The defendant White received from the plaintiff, as the proceeds of the loan, the sum of $184, being the face amount of the note of $200, less $12, interest at six per cent on $200 for twelve months, and $4, the plaintiff's charges for the loan.

No payment has been made either on the installment investment certificate or upon the note, and the plaintiff has exercised its option that the note should become due and payable, in accordance with the following provision thereof: " Should default be made in the payment of any installment due to the said Company on the certificate herewith hypothecated, * * * then this obligation, at the option of the Company, shall become due and payable, whether due according to its face or not."

The plaintiff, accordingly, demands judgment against the defendant for the sum of $200, the face amount of the note, the further sum of $2, as a fine or delinquency charge pursuant to subdivision 5 of section 293 of the Banking Law, and the further sum of $37.50

as the Commercial Law League rate for collection by attorney for the amount of the note, pursuant to the following provision thereof: " In case this note is not paid when due according to its terms, the makers jointly and severally agree to pay all expenses of collection incurred by the holder hereof, to-wit: the regular Commercial Law League rates for collection by attorney."

The defendant questions the validity of the entire transaction and contends, in particular, that the deduction of interest and charges in advance constitutes usury and renders the note null and void. His contentions are without merit. The transaction is specifically authorized by law. Subdivision 4 of section 293 of the Banking Law (as last amd. by Laws of 1920, chap. 721) confers upon the plaintiff, *inter alia*, the following powers: " 4. To deduct interest in advance on loans at the rate of six per centum per annum, provided such loans are secured by assignments of choses in action or other evidences of indebtedness issued by it and to be paid for in uniform monthly or weekly installments. To charge for a loan exceeding fifty dollars made pursuant to this subdivision one dollar for each fifty dollars or fraction thereof loaned for expenses including any examination or investigation of the character and circumstances of the borrower, co-maker or surety, and the drawing and taking the acknowledgment of necessary papers, or other expenses incurred in making the loan."

The defendant's claim that the plaintiff must make an investigation of the maker or comaker in order to make the charge for expenses is disposed of by the mere reading of the subdivision. The legislative use, in the statute set out above, of " including " and of the alternative " or " precludes any such interpretation.

That the installment investment certificate assigned as collateral security for the loan is an " evidence of indebtedness issued by it and to be paid for in  *  *  *  installments " has been impliedly held in various cases where judgments were given in favor of the plaintiff Morris Plan companies upon notes secured by similar certificates. (*Morris Plan Co. of N. Y.* v. *Currie*, 161 N. Y. Supp. 292; *Morris Plan Co. of N. Y.* v. *Cohen*, 164 id. 162; *Morris Plan Co. of N. Y.* v. *Osnato*, 123 Misc. 428.) The Legislature, by enacting section 293-a of the Banking Law (added by Laws of 1925, chap. 384),* requiring the equity of the borrower upon such certificates to be applied in reduction of the note before suit, after the conflicting conclusions upon that question reached by the courts in the *Cohen* and *Osnato* cases (*supra*), recognized that such certificates complied with the statute. The Court of Appeals in *People ex rel. Morris Plan Co. of Buffalo* v. *Burke* (253 N. Y. 85), involving the

---

* Since renum. § 293 by Laws of 1931, chap. 490.— [REP.

question whether this plaintiff was subject to taxation as holding moneyed capital coming into competition with national banks, considered the installment investment certificates of the plaintiff in connection with loans made by it, and impliedly determined that the same complied with the statute.

In any case, the precise question of the validity of the installment investment certificates of this plaintiff and. of the deduction of interest and charges in advance has been expressly decided in favor of this plaintiff in the case of *Morris Plan Co. of Buffalo* v. *Hayes* (City Court of Buffalo, opinion per HAGER, J., 2 Daily Docket, Buffalo, N. Y., Feb. 8, 1929, 33; affd., Erie Co. Special Term, April 5, 1929, opinion per NOONAN, J.). The validity of the clause in the note for acceleration of the maturity thereof in the event of the failure to make the required payments upon the installment investment certificate has likewise been expressly upheld. (*Morris Plan Co. of N. Y.* v. *Currie, supra.*)

The defendant finally contends that the provision contained in the note for the payment of attorney's fees is invalid and unenforcible. Nothing in subdivision 5 of section 293 of the Banking Law (as last amd. by Laws of 1917, chap. 228), authorizing the imposition of a fine, amounting in this action to two dollars, for default in the payment of installments upon certificates assigned as collateral security for loans, precludes the inclusion of such a provision in the note herein. That subdivision deals with the certificate alone and was apparently intended by the Legislature to partially reimburse the plaintiff for its additional expenses — its "follow-ups" to makers and comakers — and loss of interest, occasioned by delay in making the installment payments upon the certificate. Obviously, since five dollars is the maximum fine that may be imposed under the section, it could not have been the legislative intent that such fine should reimburse the plaintiff for legal expenses incident to collection of defaulted loans. In any event, the question has already been determined. The court in *Morris Plan Co. of N. Y.* v. *Currie* (*supra*) refused to hold that the provisions of that subdivision were intended to be exclusive, and held that charges by the plaintiff therein for disbursements and legal services pursuant to agreement were proper. The court in *Morris Plan Co. of Buffalo* v. *Hayes* (*supra*) specifically determined that the agreement for the payment of attorney's fees contained in a Morris Plan note, in a transaction of this plaintiff exactly like that herein involved, was valid and enforcible. The Court of Appeals, in *Waxman* v. *Williamson* (256 N. Y. 117), upheld the validity and enforcibility of such a provision by affirming an order for summary judgment for the amount of the note sued upon

therein, together with a percentage of the note for attorney's fees. The court in *Commercial Investment Trust, Inc.*, v. *Eskew* (126 Misc. 114) considered in detail the authorities upon the question and likewise upheld the validity and enforcibility of such a provision.

Judgment should be entered in favor of the plaintiff and against the defendant Nathaniel Readling in the sum of $239.50, the amount demanded in the complaint, with costs.